## Salem

TOMMY JOHNSON

v.

COMMONWEALTH OF VIRGINIA

No. 0692-86

Decided February 16, 1988

530

COUNSEL

Sidney H. Kirstein (McForie, Kirstein & McMahon, on brief), for appellant.

W. Mark Dunn, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — Tommy Johnson, appellant, was convicted in a bench trial in the Circuit Court of the City of Lynchburg of aggravated sexual battery pursuant to the provisions of Code § 18.2-67.3. On appeal, Johnson raises the following issues: (1) whether as a matter of law the complaining witness' testimony was inherently incredible, and (2) whether the Commonwealth's evidence was sufficient to prove that the act in question was accomplished against the will of the complaining witness by force, threat or intimidation. We conclude that the second issue is dispositive and, accordingly, we do not address the first issue. We hold that the Commonwealth failed to prove force, an essential element of the crime charged, and reverse Johnson's conviction.

There are conflicts in the evidence in the record supporting Johnson's claim that no contact, sexual or otherwise, occurred between him and the complaining witness; however, because of our view of this case, we relate only those facts favorable to the Commonwealth and in so doing assume that sexual contact did occur. We will refer only to the first names of the witnesses who were minors.

On July 16, 1985, Scott, the fourteen year old complaining witness, spent the night at the home of his friend, Dale. After watching television until late that night both boys fell asleep "cross-

ways" on the bed in the bedroom of Dale's mother. Scott had on jeans and shoes, but no shirt. Dale's mother slept on a sofa in the living room, a short distance away. Johnson, a family friend, came to this home in the early morning hours of the next morning, as was his custom, to help Dale deliver the morning newspaper. He also customarily slept for awhile before delivering the newspapers.

On this particular morning, Johnson arrived at 5:30 a.m. and thereafter, positioned himself in the bed between the two sleeping boys facing Scott's back. Scott testified that thereafter Johnson touched "my tail and my penis." Specifically, Scott testified that "[Johnson] woke me up and was holding me real close to him and then he started taking his fingers and going around my pants and stuff and I kind of acted like I was asleep." Scott further testified that after Johnson touched his genitalia and buttocks, when he tried to get up, Johnson "pushed me back down. . . . I got up again and he tried to grab me, but then I went and used the bathroom and I left." Dale did not respond when Scott called to him during this incident. Upon leaving, Scott told Dale's mother that he was going to his grandmother's house. He made no complaint to Dale's mother. Shortly thereafter Scott informed his friend, Donnie, of this incident. Donnie testified that at that time Scott appeared scared and was crying. The boys called the police and the responding officer testified that Scott appeared "scared" and "serious" when he related the incident to him.

The Commonwealth correctly points out that Johnson is raising the issue concerning force, threat and intimidation for the first time in this Court because he did not specifically assert that argument in the trial court. Under familiar principles, we recognize that a reasonably specific objection or motion must be made in the trial court to preserve an issue for appellate review. Rule 5A:18.[1] The record reveals that Johnson essentially maintained in the trial court that no contact, sexual or otherwise, occurred and, therefore, we agree that he did not specifically present the issue of force, threat or intimidation in the trial court. Under these circumstances, we must first decide whether Johnson can be heard

---

[1] "No ruling of the trial court or the Industrial Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal."

on this issue for the first time in this appeal.

Rule 5A:18 is clear and this Court has repeatedly enforced its provisions. *See Head v. Commonwealth*, 3 Va. App. 163, 167-68, 348 S.E.2d 423, 426 (1986); *Ingram v. Commonwealth*, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986).

■ One exception of this rule, "the ends of justice," was addressed by this Court in *Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). In *Mounce*, we concluded: "[T]he 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." *Id*. Obviously, the applicability of this exception cannot be determined on the mere assertion of the general rule, but necessarily requires our review of the record. Having thus reviewed the record and for the reasons that follow, we invoke the ends of justice exception and consider the merits of Johnson's appeal.

Code § 18.2-67.3 provides:

Aggravated sexual battery. A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and

1. The complaining witness is less than thirteen years of age, or

2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness, and

 a. The complaining witness is at least thirteen but less than fifteen years of age, or

 b. The accused causes serious bodily or mental injury to the complaining witness, or

 c. The accused uses or threatens to use a dangerous weapon.

B. Aggravated sexual battery is a felony punishable by confinement in the penitentiary for a term of not less than one

nor more than twenty years.

"Sexual abuse" is defined in pertinent part in Code § 18.2-67.10:

> "Sexual abuse" means an act committed with the intent to sexually molest, arouse, or gratify any person, where:
>
> (a) The accused intentionally touches the complaining witness's intimate parts or clothing covering such intimate parts . . . .

Code § 18.2-67.4 defines sexual battery, a Class I misdemeanor, as the sexual abuse of the "complaining witness against the will of the complaining witness, by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness."

█ The use of identical language in these statutes defining sexual battery and aggravated sexual battery with reference to force, threat or intimidation makes it clear that the legislature did not intend for these factors to be the distinction between the two statutes. Rather, the factors that elevate the criminal act from the misdemeanor to the felony are the specific age of the victim, serious bodily or mental injury, or the use or threat of use of a dangerous weapon.

Thus, the age of the complaining witness, "at least thirteen but less than fifteen," is the "aggravating" factor which distinguishes the felonious act from a misdemeanor where force, threat or intimidation are involved.

In this case the complaining witness was not less than thirteen years of age. If he had been, no force would have been required. In addition, the complaining witness does not allege and the facts in the record do not support a finding of threat, intimidation, mental incapacity, physical helplessness, serious bodily or mental injury, or use or threat of use of a dangerous weapon. Consequently, the sole and crucial issue is whether the act was accomplished against the will of the complaining witness by force.

In determining this issue, we assume, and the record supports, that Johnson, with the intent to sexually molest, arouse or gratify either himself or the complaining witness, intentionally touched the complaining witness's genitalia and buttocks. We further assume, and the record supports, that Johnson committed this act against the will of the complaining witness.

■ The critical issue then becomes whether Code § 18.2-67.3 requires some force other than that force which is inherently required to accomplish the unlawful touching. Stated differently, the issue is whether, on the facts of this case, a mere nonconsensual touching of the intimate parts of the complaining witness comes within the statutorily defined criminal act or whether some additional force is required. While the Virginia appellate courts have not previously addressed this specific issue, we conclude from the language of the statutes that the legislature intended some force other than merely that force required to accomplish the unlawful touching to be included within the statutorily defined criminal acts of either sexual battery or aggravated sexual battery. Where the complaining witness is at least thirteen years old, unless some force is used to overcome the will of the complaining witness, the unlawful touching constitutes common law assault and battery.

In the present case, our review of the record convinces us that a miscarriage of justice has occurred, not merely that a miscarriage of justice may have occurred. As despicable as we find the conduct of Johnson to be, the evidence viewed in the light most favorable to the Commonwealth does not support his conviction of aggravated sexual battery. No force was used by Johnson other than the exertion necessary to accomplish the unlawful touching of Scott. The unlawful touching was accomplished by surprise rather than by threat or intimidation. Scott was awake and merely pretended to be asleep when the touching occurred. Under those facts, the touching was not accomplished through the use of the complaining witness' mental incapacity or physical helplessness as those terms are defined in Code § 18.2-67.10.[2] Although Johnson

---

[2] Code § 18.2-67.10(3): "*Mental incapacity*" means that condition of the complaining witness existing at the time of the offense under this article which prevents the complaining witness from understanding the nature or consequences of the sexual act involved in such offense and about which the accused knew or should have know.

Code § 18.2-67.10(4): "*Physical helplessness*" means unconsciousness or any other condition existing at the time of an offense under this article which otherwise rendered the

pulled Scott back down on the bed when Scott attempted to get up, no touching of Scott's genitalia occurred thereafter. We have concluded that the statute requires that some force be used to overcome the will of the complaining witness. Here, no force was used, but, rather, the unlawful touching was merely nonconsenual. Johnson's conviction of aggravated sexual battery, therefore, cannot stand.

Accordingly, we reverse and vacate the conviction for aggravated sexual battery and remand this case to the trial court for a new trial for assault and battery if the Commonwealth be so advised.

*Reversed, vacated, and remanded.*

Coleman, J., and Moon, J., concurred.

---

complaining witness physically unable to communicate an unwillingness to act and about which the accused knew or should have know.