COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


EARL E. JARRETT

MEMORANDUM OPINION[*] BY
v.  Record No. 0134-95-3          JUDGE JAMES W. BENTON, JR.
                                       FEBRUARY 20, 1996
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                        B. A. Davis, III, Judge

         W. Clarke Whitfield, Jr. (Turner, Haskins &
         Whitfield, on brief), for appellant.

         Monica S. McElyea, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     A jury convicted Earl E. Jarrett of aggravated sexual
battery of a child who was less than thirteen years of age in
violation of Code § 18.2-67.3.  Jarrett contends that the
evidence was insufficient to support the conviction.  For the
reasons that follow, we affirm the conviction.

     The evidence proved that in May 1989 the child and her
parents moved into a house with Jarrett, the child's father's
half-brother.  The child was born in October 1985 and began
kindergarten during the 1990-91 school year.  The child's mother
testified that the child and Jarrett, who is the child's uncle,
had a good, normal relationship.  Jarrett often took the child
shopping and frequently bought her presents.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

From April to July 1991, the child's mother was employed and left for work with her husband at 6:15 a.m. Most of the time, a neighbor came to prepare the child for school. On occasion Jarrett watched the child in the morning when the mother went to work. However, the mother also testified that Jarrett only watched the child once "to go to school." She testified also that the child often went places with Jarrett "because . . . he was the only one we had to watch her."

The mother testified that although the child had a bedroom in the house, the child began to sleep in the bed with her mother and father. However, the mother could not identify the time when this change in the child's behavior occurred. The mother also testified that at some time in 1991 the child began to fear Jarrett.

The child testified that Jarrett would get her ready for kindergarten when her parents were at work. She testified that on three or four occasions Jarrett rubbed her "privates" between her legs and inserted his finger in her "privates." She testified that she was at home when those incidents occurred but she did not remember the rooms in which they occurred. She testified that the events occurred four or five years before the trial and that it was hard for her to remember everything. She recalled that the events occurred in the daytime.

The child also testified that during Easter of 1991 she went to West Virginia with Jarrett to visit her grandmother, his

mother.  While Jarrett drove his automobile and she sat in the passenger seat, he "would rub [her] privates."  She also testified that later he molested her in West Virginia at his mother's house.

She also stated that on another occasion Jarrett was standing naked beside her bed when she woke from a nap.  Jarrett told her to touch his "private."  She testified that she did not touch him and that she could not recall whose bed she was in.  She did not testify whether that event occurred in Virginia or West Virginia.  She claimed that Jarrett threatened to "do it again" and "kill everybody" if she told anyone.

The child and her mother testified that the child told her mother of these events approximately six months to a year after they occurred.  The child's mother did not pursue the matter.  The child reported these incidents to her third grade teacher in 1993 after discussing them with a classmate.  The child was eight years old when she reported the incidents to her teacher.  The teacher notified the authorities of the complaint.

Jarrett testified that he never sexually touched the child.  He testified that he helped the child get ready for school only once.  On that morning, when her parents were working, he was watching a pornographic video when the child entered the room.  He testified that when he noticed the child was in the room, he turned off the television and told her to return to her bedroom.  He also testified that he told the child that only older people

who care about each do the things that she saw on the video. He further testified that several months after that event he told the child to tell her parents or him if anyone ever touched her improperly.

When an appellant challenges the sufficiency of the evidence, the appellate court "must consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "[T]he factors that elevate the [sexual abuse] from the misdemeanor to the felony are the specific age of the victim, serious bodily or mental injury, or the use or threat of use of a dangerous weapon." Johnson v. Commonwealth, 5 Va. App. 529, 533, 365 S.E.2d 237, 239 (1988). In this case the victim's age is sufficient to elevate the offense to aggravated sexual battery. Id.

Jarrett argues that the child's testimony was not corroborated. However, corroboration is not necessary in sexual battery cases. Garland v. Commonwealth, 8 Va. App. 189, 192, 379 S.E.2d 146, 147 (1989). The child testified to the events surrounding the incidents and her mother's testimony established the relevant time periods. Contrary to Jarrett's assertion, the evidence established several occasions when he was alone with the child.

Jarrett also argues that the child's testimony was not believable because she could not identify the room in the house

- 4 -

where she claimed the events occurred. He contends that her testimony was suspect because in other aspects of her testimony she demonstrated rather precise knowledge of events and occurrences. We find no basis to conclude on a reading of the record that the child's testimony was so flawed as to be incredible.

"The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The child's testimony was neither incompetent nor inherently incredible. The jury believed the child's testimony and rejected Jarrett's testimony. Accordingly, we hold that the evidence was sufficient to prove beyond a reasonable doubt that Jarrett was guilty of aggravated sexual battery.

Affirmed.