COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


KEITH LORENZO JONES
                                          MEMORANDUM OPINION[*] BY
v.          Record No. 0033-96-2      JUDGE ROSEMARIE ANNUNZIATA
                                            FEBRUARY 25, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                      Charles L. McCormick, III, Judge

            Theodore Tondrowski (Bowen & Bowen, on
            brief), for appellant.

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Following a bench trial, appellant, Keith Lorenzo Jones, was

convicted of assault and battery and attempted forcible sodomy.

On appeal he contests the sufficiency of the evidence to support

each conviction.  For the reasons that follow, we affirm.

     When considering the sufficiency of the evidence on appeal

in a criminal case, this Court views the evidence in a light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "The

weight which should be given to evidence and whether the

testimony of a witness is credible are questions which the fact

finder must decide."  Bridgeman v. Commonwealth, 3 Va. App. 523,

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

528, 351 S.E.2d 598, 601 (1986).  On review, this Court does not substitute its own judgment for that of the trier of fact.  Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Instead, the trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

The victim, H., who was fifteen years old at the time of the alleged incident, testified that she and a friend, S., accompanied appellant and another man, Herbert, to a motel room.  Although H. had met appellant only that night, the two kissed in Herbert's truck as the group drove to the motel.  Inside the room, S. and Herbert began kissing.  H. exited the room, intending to leave the two alone.  Appellant followed.  H. entered Herbert's truck; appellant climbed in behind her.  The two talked, and appellant tried to kiss H.  H. "pulled away and . . . said no.  I can't do this anymore.  I'm sorry.  I just can't.  I've got a boyfriend.  I shouldn't have done it in the first place."  Appellant proceeded and attempted to pull down H.'s pants.  H. pulled her pants up, telling appellant, "[N]o. I'm not going to do anything."  Appellant persisted and pulled H.'s pants down to her knees, still trying to kiss her despite H.'s continued protestations.  Appellant pried H.'s legs apart, put his head between them and touched his tongue to her vagina. H. continued to resist, but appellant managed to position himself

on top of her.  At that point, H. was crying, repeatedly telling appellant "no."  Appellant inserted his penis in H.'s vagina. Appellant removed himself from H. when S. and Herbert approached.  Both S. and Herbert testified that H. was crying when they reached the truck.  S. further testified that H. told her she and appellant had sex but that she had said "no."  Appellant admitted having sexual intercourse with H. but testified that she consented.  He asserted that H. cried because she felt guilty, thinking of her boyfriend.

> At the close of the evidence the court stated,
> I think at the very least, at the very least,
> this defendant is guilty of aggrivated [sic]
> sexual battery on this girl.  I think it at
> the very least.  I think that's giving him
> the benefit of the doubt that I can give him.
> And I think also he's guilty of the
> attempted act of sodomy on her.  So I'm going
> to find that this defendant is guilty of
> those two offenses.

Appellant filed a motion to reconsider, arguing in part that aggravated sexual battery is not a lesser included offense of rape.  The court agreed and reduced the conviction to misdemeanor assault and battery.  The attempted forcible sodomy conviction stood.  Appellant raised no further objection.

Generally speaking, assault and battery is a non-consensual, unlawful touching.  See Johnson v. Commonwealth, 5 Va. App. 529, 534-35, 365 S.E.2d 237, 240 (1988); Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374-75 (1954); II Virginia Model Jury Instructions, Criminal 38.300 ("An assault and battery is

- 3 -

any bodily hurt, however slight, done to another in an angry, rude or vengeful manner.").  Forcible sodomy is, <u>inter</u> <u>alia</u>, the act of cunnilingus accomplished against the will of the complaining witness and by force, threat or intimidation.  Code § 18.2-67.1.  An attempt is an "unfinished crime, composed of . . . the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design.  <u>See</u> <u>Johnson v. Commonwealth</u>, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968).

Appellant contends that, in refusing to convict him of rape, the trial court resolved the issue of consent in his favor, because the fact of intercourse was not in doubt (<u>i.e.</u>, consent was the only element of the crime in dispute).  It follows, appellant argues, that if the court found H. consented to intercourse, it had no basis to convict him of assault and battery.  By extension, he also argues that if H. consented to intercourse, it is implausible that she did not also consent to the alleged act of sodomy.

Appellant made no objection to the trial court's reduction of his conviction to misdemeanor assault and battery on any grounds, much less on the ground he apparently argues here; <u>viz.</u>, that the trial court would have convicted him of rape had it found no consent.  Accordingly, that argument is procedurally barred on appeal.  Rule 5A:18.

We find no basis for applying the ends of justice exception,

because we find that the record reflects sufficient evidence to support appellant's convictions for assault and battery and attempted forcible sodomy beyond a reasonable doubt. The trial court's finding that the evidence was sufficient to support a conviction for aggravated sexual battery resolves the issue of consent. See Code § 18.2-67.3 ("An accused shall be guilty of aggravated sexual battery if he . . . sexually abuses the complaining witness . . . against [her] will.").[1]

Accordingly, we hold that the evidence was sufficient to prove beyond a reasonable doubt the elements of each offense, and we affirm appellant's convictions.

Affirmed.

---

[1]Finally, contrary to appellant's assertion, the court's resolution of the issue of consent with respect to the intercourse does not necessarily bear on its resolution of the issue of consent with respect to the sodomy. Even had the court found H. consented to intercourse, such a finding would not preclude the finding that she did not consent to the attempted sodomy.