COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


GREGORY ALLEN WINTER

MEMORANDUM OPINION[*]
v.          Record No. 0172-96-1        BY JUDGE JOSEPH E. BAKER
                                            MARCH 11, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                     Fred W. Bateman, Judge Designate

          Walter C. Whitt, Jr. (Walter C. Whitt, Jr.,
          P.C., on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Gregory Allen Winter (appellant) appeals from his bench
trial convictions by the Circuit Court of Gloucester County
(trial court) for two counts of aggravated sexual battery in
violation of Code § 18.2-67.3.  Appellant was also convicted for
one count of sexual abuse by a person in a custodial relationship
to the victim in violation of Code § 18.2-370.1.  We granted an
appeal only on the question of whether there was sufficient
evidence to support appellant's convictions for aggravated sexual
battery in violation of Code § 18.2-67.3.

     As the parties are fully cognizant of the record, we
reference only those facts that are necessary to an understanding
of this opinion.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

There are two victims in these cases:  D.A., age fourteen at the time of the alleged offense, and B.H., ages fourteen and fifteen at the time the offenses against her are alleged to have occurred.

## I.  Offense Against D.A.

Appellant and D.A. resided in trailers located next to each other.  On a day in April 1995, at appellant's request, D.A. agreed to clean his trailer.  As she was washing dishes, appellant started "touching" her breast.  When she told him to stop, he immediately stopped and expressed sorrow for his act.

When D.A. finished vacuuming, she was instructed by appellant to place the vacuum cleaner in his bedroom where he "pushed [her] down on the bed," "tried to go up [her] shirt," and "tried to unbutton [her] pants."  D.A. told appellant to stop and succeeded in thwarting his attempts because her mother was heard knocking at the trailer door which appellant had locked.

## II.  Offense Against B.H.

Prior to the indictment charging that appellant violated Code § 18.2-67.3, B.H., without pressure or inducement, gave the police a written, signed statement accusing appellant of unlawful conduct toward her.  However, at trial she recanted, saying that the statement was not true and refused to repeat what she had said in the statement.  Ordered by the trial court to read the statement, she complied but immediately repeated that the accusations were false.

No substantive evidence of appellant's violation of Code § 18.2-67.3, with respect to either victim, is contained in this record.[1]

                              III.

Code § 18.2-67.3 provides:
>        Aggravated sexual battery.  A. An accused
> shall be guilty of aggravated sexual battery
> if he or she sexually abuses the complaining
> witness, and
>
> 1.  The complaining witness is less than
> thirteen years of age, or
>
> 2.  The act is accomplished against the will
> of the complaining witness, by force, threat
> or intimidation, or through the use of the
> complaining witness's mental incapacity or
> physical helplessness, and
>
>   a.  The complaining witness is at least
> thirteen but less than fifteen years of age,
> or
>
>   b.  The accused causes serious bodily or
> mental injury to the complaining witness, or
>
>   c.  The accused uses or threatens to use a
> dangerous weapon.
>
> B.  Aggravated sexual battery is a felony
> punishable by confinement in a state
> correctional facility for a term of not less
> than one nor more than twenty years and by a
> fine of not more than $100,000.

In relevant part, Code § 18.2-67.10(6) defines "sexual abuse" as "an act committed with the intent to sexually molest, arouse, or gratify any person, where: . . . the accused intentionally

---

[1]B.H. did testify to evidence that supported the sexual abuse by a person in a custodial relationship violation, and an appeal from that conviction was denied.

- 3 -

touches the complaining witness's intimate parts or material directly covering such intimate parts . . . ."

Appellant argues on appeal that no forceful touching of an intimate part of either complaining witness is shown by this record.  Because the victims here are over thirteen years of age, the Commonwealth must prove the act of aggravated sexual battery was accomplished "by force, threat or intimidation."  Johnson v. Commonwealth, 5 Va. App. 529, 533, 365 S.E.2d 237, 239-40 (1988).  As in Johnson, to support the convictions in this case, the record must disclose that the acts of which appellant stands accused must have been "accomplished against the will of the complaining witness by force."  Id.

In oral argument, the Commonwealth conceded that the record fails to disclose in either case that appellant's touching of an intimate part of the victim was accomplished by force.  However, the Commonwealth contends that this Court ought not consider whether the necessary force was used because at trial appellant failed to raise that issue either by motion to strike or in his final argument requesting acquittals.  Therefore, the Commonwealth asserts that Rule 5A:18 bars our consideration of the sufficiency issue.

We have held on numerous occasions that where an appellant fails to state the alleged error with specificity to the trial court, he or she will not be heard to complain on appeal.  Rule 5A:18; see Miller v. Commonwealth, 22 Va. App. 497, 471 S.E.2d

780 (1996); Campbell v. Commonwealth, 12 Va. App. 476, 405 S.E.2d 1 (1991). However, we have also held that where the error was not stated with the required specificity, yet the evidence clearly fails to show that the accused is guilty of the crime of which he or she was convicted, we will invoke the ends of justice provision of Rule 5A:18 and reverse the conviction. See Brown v. Commonwealth, 8 Va. App. 126, 380 S.E.2d 8 (1989); Reed v. Commonwealth, 6 Va. App. 65, 366 S.E.2d 274 (1988); Johnson, 5 Va. App. 529, 365 S.E.2d 237.

The Commonwealth contends that because the evidence presented in support of appellant's conviction involving D.A. also discloses that if appellant had been charged and convicted of attempted rape that conviction would be supported by the evidence and, therefore, the ends of justice issue ought not be invoked here. We disagree. We do not here decide whether appellant could have been successfully prosecuted for attempted rape. If attempted rape was the crime committed, we merely observe that the accused should have been indicted and tried for that offense. In this case, on this evidence, we hold that the evidence is insufficient to support the crimes of which appellant was convicted under Code § 18.2-67.3. See Johnson, 5 Va. App. 529, 365 S.E.2d 237.

Accordingly, because neither record discloses evidence sufficient to support the indictments, we reverse the convictions. As to the charge involving B.H., we reverse and

dismiss appellant from further prosecution.  As to the charge involving D.A., we reverse and remand the case to the

trial court for such further proceeding as the Commonwealth may be advised.

<u>Reversed and dismissed in part, and reversed and remanded in part.</u>