COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


JESSE WILSON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2636-96-2      JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                      William L. Wellons, Judge

            Joseph M. Teefey, Jr., Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     On appeal of his conviction for sexual battery in violation

of Code § 18.2-67.4, Jesse Wilson contends that the evidence was

insufficient to prove that he committed sexual abuse against the

will of the complaining witness through the use of force.  We

agree and reverse the judgment of the trial court.

            On appeal, we review the evidence in the
            light most favorable to the Commonwealth,
            granting to it all reasonable inferences
            fairly deducible therefrom.  The judgment of
            a trial court sitting without a jury is
            entitled to the same weight as a jury verdict
            and will not be set aside unless it appears
            from the evidence that the judgment is
            plainly wrong or without evidence to support
            it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1987).

G.W., the complaining witness, testified that during a scheduled work break, she went to the employee cafeteria to purchase a soda. Upon entering the room, she went directly to the soda machine. She did not speak to Wilson. While standing in front of the soda machine, she felt someone grab and squeeze her buttocks. She turned and saw Wilson standing behind her. She told him angrily, "Don't ever do that again." He responded, "It looked so tempting, I just had to do it." G.W. stated that Wilson grabbed her with such force that she had to step forward to maintain her balance. At trial, she demonstrated how he grabbed her buttocks with an open hand and squeezed. Wilson admitted being in the cafeteria with G.W., but denied touching her.

Code § 18.2-67.4 provides, in part, that: "An accused shall be guilty of sexual battery if he or she sexually abuses the complaining witness against the will of the complaining witness, by force . . . . " "Sexual abuse" is defined, in part, as an act committed when "[t]he accused intentionally touches the complaining witness' intimate parts or material directly covering such intimate parts." Code § 18.2-67.10(6)(a). "Intimate parts" includes the "buttocks." Code § 18.2-67.10(2).

The Commonwealth argues that Wilson is barred from raising the issue of force for the first time on appeal.[1] Except for

---

[1]While the trial transcript indicated that Wilson raised the issue of force in his motion to strike the evidence, the

"good cause shown" or to "attain the ends of justice," Rule 5A:18 prohibits the consideration on appeal of questions not presented first to the trial court.  In deciding whether to apply the "ends of justice" exception, we have noted that:

> "[T]he 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage might have occurred."  Obviously, the applicability of this exception cannot be determined on the mere assertion of the general rule, but necessarily requires our review of the record.

Johnson v. Commonwealth, 5 Va. App. 529, 532, 365 S.E.2d 237, 239 (1988) (emphasis in original) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).  For the reasons that follow, we invoke the "ends of justice" exception and consider the merits of Wilson's appeal.  See Johnson, 5 Va. App. at 532-35, 365 S.E.2d at 239-40 (evidence showed that "force," an element of the offense of aggravated sexual battery, was not present).

Wilson touched G.W. in an intimate area against her will.

---

transcript was never properly made a part of the record on appeal.  See Rules 5A:7(a)(7), 5A:8.  In the written statement of facts, Wilson's motion to the trial court stated that:

> [T]he Commonwealth failed to prove that the Defendant sexually abused the complaining witness pursuant to Va. Code § 18.2-67.4. The Defendant further argued that . . . the Commonwealth bears the burden of proof that the defendant performed the act with the intent to sexually molest, arouse or gratify any person.

To constitute sexual battery, the force employed by Wilson to overcome G.W.'s will requires "some force other than merely that force required to accomplish the unlawful touching . . . ." _Id._ at 534, 365 S.E.2d at 240. G.W. had her back to Wilson and was unaware that he was behind her. Wilson employed no force beyond that necessary to squeeze G.W.'s buttocks. While the unlawful touching was patently nonconsensual, it was accomplished by surprise, not by force. _See_ _id._ at 535, 365 S.E.2d at 240 (defendant got into bed with complainant and touched his genitalia). Convicting Wilson for a sexual offense that the evidence proves he did not commit constituted a miscarriage of justice. Despite Wilson's harassing and reprehensible conduct, the evidence in this case is insufficient to sustain a conviction under Code § 18.2-67.4.

Accordingly, we reverse the conviction and remand the case for further proceedings, if the Commonwealth be so advised.

_Reversed and remanded._