COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


STEVEN ERIC HOLDEN
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2245-97-2      JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
                     Joseph E. Spruill, Jr., Judge

              William A. Nunn, III (William A. Nunn, III,
              P.C., on brief), for appellant.

              Donald E. Jeffrey, III, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


        Steven Eric Holden contends that the evidence is

insufficient to support his conviction for forcible sodomy in

violation of Code § 18.2-67.1.  He argues that the Commonwealth

failed to show that the sodomy was accomplished against the will

of the complaining witness by force, threat or intimidation.  We

affirm the judgment of the trial court.

              On appeal, we review the evidence in the
              light most favorable to the Commonwealth,
              granting to it all reasonable inferences
              fairly deducible therefrom.  The judgment of
              a trial court sitting without a jury is
              entitled to the same weight as a jury verdict
              and will not be set aside unless it appears
              from the evidence that the judgment is
              plainly wrong or without evidence to support
              it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1987).

On the night of February 23, 1997, LaShawna, age thirteen, who had been asleep on a sofa in a room shared by nine other children, was awakened by Holden "rubbing [her] leg."  Holden, who was intoxicated, turned LaShawna onto her side with her face towards the sofa, and pulled her underpants down.  He then moved her over, and "was pushing on [her] vagina trying to force his penis in [her] behind."  With his hand on her "vagina," Holden penetrated LaShawna's anus with his penis.  The attack ended when LaShawna's mother entered the room.

> An accused shall be guilty of forcible sodomy if he or she engages in . . . anal intercourse with a complaining witness . . . and
>
> > 2.  The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

Code § 18.2-67.1(A).

Viewed in the light most favorable to the Commonwealth, Martin, 4 Va. App. at 443, 358 S.E.2d at 418, the evidence supports the trial court's finding that the anal intercourse was accomplished against LaShawna's will through the use of force.[1]

---

[1]Because we find ample evidence that the sodomy was accomplished by "force," we need not decide whether the evidence supports also a finding that the attack was accomplished by "intimidation."  The Commonwealth concedes in its brief that the sodomy was not accomplished through the use of a "threat" because

While LaShawna neither protested nor resisted, the Commonwealth was not required to prove that she "cried out" or "physically resisted."  Code § 18.2-67.6; Farish v. Commonwealth, 2 Va. App. 627, 631, 346 S.E.2d 736, 738-39 (1986).  Cf. Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985) ("'if by an array of physical force he so overpowers her mind that she does not resist, he is guilty of rape'").  LaShawna pretended to be asleep because she was "scared to move or do anything."  She testified that she "did not want this to happen."  Holden was behind her, and the sofa was in front of her, restricting her movement.  Holden "kept [her] from moving," and "[i]f [she] tried to get up, he would hold [her] back."

The trial court heard LaShawna's testimony and observed her demeanor.  It was entitled to consider the difference in size and age between Holden and LaShawna.  Some force was inherent in the commission of the charged offense.  However, Holden employed enough additional force to overcome LaShawna's will by preventing her from moving and deterring any attempt by her to free herself.  Cf. Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988) (requiring showing of force beyond the force required to accomplish sexual battery).

The judgment of the trial court is affirmed.

(..continued)
there was no evidence of an "expression of an intention to do bodily harm." Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985) (defining "threat" for purposes of the rape statute).

<u>Affirmed.</u>