COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


LAKIESHA ENIKA GODBOLD

MEMORANDUM OPINION[*] BY
v.   Record No. 2829-97-2        JUDGE JAMES W. BENTON, JR.
                                 FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Steven D. Benjamin (Betty Layne DesPortes;
Benjamin & DesPortes, on briefs), for
appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Lakiesha Enika Godbold was indicted and tried on the charges of attempted capital murder and felony obstruction of justice in violation of Code § 18.2-460(C). The trial judge convicted Godbold of the offense of attempted murder, a lesser offense of attempted capital murder, and of felony obstruction of justice. Prior to sentencing, the trial judge set aside the attempted murder conviction and instead convicted Godbold of assault. On appeal, Godbold contends that (1) her convictions for both crimes constituted double jeopardy because assault is a lesser-included offense of felony obstruction of justice and (2) the evidence was insufficient to sustain the conviction for felony obstruction of

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

justice.  Because neither issue was properly raised before the trial judge, we affirm the convictions.

## I.

Officer O'Conner testified that he and Officer Musslewhite drove a marked police car into a parking lot at night and saw Godbold and her brother standing by a telephone.  As O'Conner exited his vehicle and said "Hello," he observed Godbold "brush[] against" her brother and hand the telephone to her brother.  With her left hand by her side in a fist, Godbold walked toward a car that was facing a fence with its engine idling.  O'Conner testified that when Godbold sat in the driver's seat, she appeared to move something from her left hand to her right hand and place it on the console.  He testified, however, that at no time did he actually see anything in Godbold's hands.

As Musslewhite talked with Godbold's brother, O'Conner approached the driver's side of the car and shined a flashlight into the car.  O'Conner informed Godbold that they had received a complaint about drug activity in the area, and he asked Godbold if guns or drugs were in the car.  Godbold responded "no," and refused O'Conner's request to search the car.  O'Conner testified that he pointed his flashlight toward the console and saw a tied bag containing what appeared to be an ounce of cocaine.  O'Conner opened the car door and told Godbold to "step out."

Godbold placed the car in reverse and accelerated backward.  As the car made a sharp reverse U-turn, the door struck O'Conner, lifted him off his feet, and carried him backward.  O'Conner

regained his footing, withdrew his gun, and pointed his gun at Godbold. When Godbold accelerated the car forward and drove away, O'Conner moved out of the car's path and unsuccessfully attempted to give chase. The following day, the police found Godbold and the car she was driving. No cocaine was recovered.

At the conclusion of the evidence, Godbold's trial counsel moved to strike the evidence on the murder charge because the evidence failed to prove intent to kill. He also moved to strike the obstruction of justice charge because no evidence proved cocaine was in the car. The trial judge denied the motions and convicted Godbold of attempted murder and felony obstruction of justice. Acting on trial counsel's written motion to set aside the attempted murder conviction, the trial judge set aside the attempted murder conviction and convicted Godbold of assault. He sentenced Godbold to twelve months in jail for assault and five years in prison for felony obstruction of justice, suspending two years of that sentence.

## II.

Godbold first contends that assault is a lesser-included offense of felony obstruction of justice and that convictions for both offenses violate the double jeopardy clause of the Fifth Amendment. Godbold also contends that the evidence was insufficient to support a conviction for felony obstruction of justice. The Commonwealth counters that Godbold did not adequately raise and preserve these issues before the trial judge

and that Rule 5A:18 bars those issues. We agree with the Commonwealth.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18; see also Mounce v. Commonwealth, 4 Va. App. 433, 434, 357 S.E.2d 742, 743 (1987).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).

The record fails to indicate that Godbold ever argued before the trial judge the two issues she now raises on appeal. At the close of evidence, Godbold moved to strike both charges. After a lengthy discussion that focused almost exclusively on the attempted capital murder charge, the following colloquy occurred:

> [JUDGE]: On the evidence heard by the Court, the Court will find [Godbold] not guilty of attempted capital murder but guilty of attempted murder, as charged in the indictment.
>
> [COMMONWEALTH'S ATTORNEY]: Judge, there is also the felony obstruction while in the course of engaging in a violation of 248, which is the drug --

>           [DEFENSE COUNSEL]:  I would suggest that
>           would run together.  I don't see how you can
>           obstruct and then -- the obstruction is --
>
>           [JUDGE]:  I think it's entirely different.
>           Well, I am going to find her guilty of
>           obstructing on the felony.  All right.  You
>           want a presentence report?

Prior to sentencing, the trial judge set aside the attempted murder conviction and convicted Godbold of the lesser offense of assault.  Thus, we need not decide whether the argument cited above was sufficient to preserve the issue whether Godbold was exposed to double jeopardy by being convicted of both attempted murder and felony obstruction of justice.  The trial judge's action necessarily rendered Godbold's prior double jeopardy argument moot because she no longer was convicted both of attempted murder and felony obstruction of justice.

After the trial judge modified the conviction, Godbold's trial counsel failed to raise any new double jeopardy claim either at the hearing or within twenty-one days of her sentencing pursuant to Rule 1:1.  Therefore, Godbold failed to "call to the attention of the trial judge the error complained of, the reason therefor, and the relief sought."  Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).

We reach the same conclusion on the issue whether the evidence was sufficient to support a conviction of felony obstruction of justice.  A person who "knowingly" obstructs a police officer "lawfully engaged in his duties" commits a misdemeanor and may be prosecuted under Code § 18.2-460(B).

However, if a person "knowingly" obstructs a police officer investigating drug trafficking, then he or she has committed a felony and may be prosecuted under Code § 18.2-460(C). Godbold argues on appeal that because no evidence proved she knew or should have known that O'Conner was investigating drug trafficking, she should not have been convicted of the felony. This issue was never argued before the trial judge.

At the close of evidence, Godbold's trial counsel argued that "there was no evidence there was any cocaine in the vehicle. No cocaine was ever recovered. I would ask the Court to dismiss [the felony obstruction of justice] charge, as well." This statement speaks to a different issue than the one Godbold now raises. Contending that the evidence did not prove the "knowledge" element of the statute, Godbold seeks reversal of her conviction. An accused's knowledge is an essential element of all three subsections of the obstruction of justice statute. See Code § 18.2-460. However, whether cocaine was in the vehicle, the argument advanced at trial, is not a necessary element to prove guilt under Code § 18.2-460(C). See Turner v. Commonwealth, 20 Va. App. 713, 717, 460 S.E.2d 605, 607 (1995) ("hold[ing] that in order to convict an accused of obstructing justice under Code § 18.2-460(C) the Commonwealth need not prove the underlying offenses . . ."). Godbold, therefore, failed to raise before the trial judge the issue that she now raises on appeal.

Despite Godbold's failure to properly preserve these two issues, we nevertheless will consider them if "good cause [is] shown or to enable [us] to attain the ends of justice." Rule 5A:18. This exception "is a narrow one that allows consideration when the record affirmatively shows that a miscarriage of justice has occurred." Reed v. Commonwealth, 6 Va. App. 65, 70, 366 S.E.2d 274, 277 (1988). "[T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Redman v. Commonwealth, 25 Va. App. 215, 222, 487 S.E.2d 269, 273 (1997). In making this determination, we must look to the entire record. Johnson v. Commonwealth, 5 Va. App. 529, 532, 365 S.E.2d 237, 239 (1988).

It is a longstanding principle in Virginia that assault is not a lesser-included offense of obstruction of justice. See Love v. Commonwealth, 212 Va. 492, 494, 184 S.E.2d 769, 771 (1971); Polk v. Commonwealth, 4 Va. App. 590, 593-94, 358 S.E.2d 770, 772 (1987). In Polk, we specifically stated the following:

> The plain language of [the statute] provides that threats constitute a violation of the statute when they are knowingly made in an attempt to intimidate or impede law enforcement officers who are performing their duties. Thus, it is the threats made by the offender, coupled with his intent, that constitute the offense. The resulting effect of the offender's threats, such as fear, apprehension, or delay, is not an element of the crime defined in Code § 18.2-460. By the express terms of the statute, it is immaterial whether the officer is placed in

> fear or apprehension. The offense is
> complete when the attempt to intimidate is
> made.

Id.

Similarly, Godbold's second claim that no evidence proved she knew or should have known that O'Conner was investigating drug trafficking is not persuasive. The record includes a taped recording of the encounter between O'Conner and Godbold. The tape indicates that O'Conner specifically asked Godbold whether there were guns or drugs in the car. Furthermore, both the tape and the testimony of O'Conner at trial proved that when O'Conner first approached Godbold, he told her that he was investigating complaints concerning drug activity in the area.

Because Godbold failed to properly preserve the issues of double jeopardy and sufficiency of the evidence, and because no exception to Rule 5A:18 is satisfied, we affirm the convictions.

Affirmed.
