COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


RANDALL EDWARD EMERICK

MEMORANDUM OPINION* BY
v.        Record No. 3042-02-3        JUDGE LARRY G. ELDER
APRIL 6, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Charles B. Flannagan, II, Judge

Faith Dillow Esposito (Dillow & Esposito, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Randall Edward Emerick (appellant) appeals from his jury trial conviction for forcible

sodomy in violation of Code § 18.2-67.1(A)(2).  On appeal, he contends the evidence was

insufficient to prove the act was accomplished "by force, threat or intimidation . . . or through the

use of the complaining witness' mental incapacity or physical helplessness."  We hold the

evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove

appellant accomplished the sodomy by "force, threat or intimidation."  Thus, we affirm.

When considering the sufficiency of the evidence on appeal to support a criminal

conviction, this Court views the evidence in the light most favorable to the Commonwealth.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The appellate

court must, therefore, "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

all fair inferences that may be drawn" from the credible evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). The jury's verdict will not be set aside unless it appears that it is plainly wrong or without supporting evidence. Code § 8.01-680; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

A conviction for forcible sodomy as defined in Code § 18.2-67.1(A)(2) requires proof that the proscribed act, here fellatio, was "accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness' mental incapacity or physical helplessness." Code § 18.2-67.1(A)(2).

> [Forcible sodomy] may be analogized to the crimes of rape (Code § 18.2-61), [object sexual penetration (Code § 18.2-67.2)], aggravated sexual battery (Code § 18.2-67.3), and sexual battery (Code § 18.2-67.4), in that each offense requires proof of "force, threat, or intimidation" or "mental incapacity" or "physical helplessness." Therefore, cases interpreting these sections of the code are useful in discerning the meaning and intent of Code § [18.2-67.1]. See First Nat'l Bank v. Holland, 99 Va. 495, 504, 39 S.E. 126, 129-30 (1901) (holding that the Code of Virginia constitutes a single body of law and, therefore, related sections can be looked to for interpretation of a section where the same phraseology is used).

Wactor v. Commonwealth, 38 Va. App. 375, 380-81, 564 S.E.2d 160, 162-63 (2002) (involving interpretation of Code § 18.2-67.2(A)).

Thus, to determine whether a defendant has employed the requisite force to support a conviction for forcible sodomy, "the inquiry is whether the act or acts were effected with or without the victim's consent." Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979). "Wherever there is a carnal connection, and no consent in fact, . . . there is evidently, in the wrongful act itself, all the force which the law demands as an element of the crime." Bailey v. Commonwealth, 82 Va. 107, 111 (1886); accord Mings v. Commonwealth, 85 Va. 638, 640, 8 S.E. 474, 475 (1889) (quoting 2 Bish. Crim. Law. § 1078). Hence, the force used by appellant

must be sufficient to accomplish the act as well as to overcome the will of the victim. Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988) (holding that a conviction for sexual battery requires proof of "some force . . . to overcome the will of the complaining witness"). To overcome the victim's will, the force must be "sufficient to overcome [the victim's] resistance." Snyder v. Commonwealth, 220 Va. 792, 796, 263 S.E.2d 55, 57 (1980); Davis v. Commonwealth, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947); Jordan v. Commonwealth, 169 Va. 898, 902, 194 S.E. 719, 720 (1938); Mings, 85 Va. at 640, 8 S.E. at 475; Bailey, 82 Va. at 111.

The degree of resistance offered by the victim and, consequently, the degree of force required to overcome his or her will, "necessarily depend[] on the circumstances of each case, taking into consideration the relative physical condition of the participants and the degree of force manifested." Jones, 219 Va. at 986, 252 S.E.2d at 372; accord Mings, 85 Va. at 639-40, 8 S.E. at 475; Bailey, 82 Va. at 111. "Indeed, [the Supreme Court of Virginia] has said that 'no positive resistance' by the victim need be demonstrated if it appears that the crime was effected without [the victim's] consent." Jones, 219 Va. at 986, 252 S.E.2d at 372; accord Snyder, 220 Va. at 796, 263 S.E.2d at 57. "Whether the act was forcible or consensual [is] a question for the jury to decide." Snyder, 220 Va. at 796, 263 S.E.2d at 58.

We applied these principles in Wactor, concluding that defendant used the requisite force to overcome the will of his victim, Dudley, a woman with cerebral palsy who was a patient at a rehabilitation facility after severely injuring her leg in an automobile accident. 38 Va. App. at 377, 383-84, 564 S.E.2d at 161, 164. We noted in Wactor that,

> notwithstanding facts in this case which appear to make out a case
> of sexual object penetration perpetrated "through the use of
> [Dudley's] . . . physical helplessness," Code § 18.2-67.2(A), the
> statutory definition of "physical helplessness" excludes victims
> with Dudley's physical infirmities because it is limited to victims
> with a "physical condition" that renders them "physically unable to

communicate an unwillingness to act . . . ." Code § 18.2-67.10(4). Because Dudley was physically able to communicate, the evidence in this case would not be sufficient to establish "physical helplessness" and Wactor's conviction cannot be premised on this element of the offense.

Id. at 383 n.3, 564 S.E.2d at 164 n.3.

Nevertheless, we concluded the evidence in Wactor was sufficient to prove the defendant accomplished the offense through "force, threat or intimidation":

[The victim,] Dudley[,] could not walk on her own or position herself in bed. Only one of her arms was fully functional. She was thus unable to physically resist Wactor or easily call the nurses for help. Moreover, she expected Wactor to provide nursing assistance and, therefore, permitted him to undress and touch her. Wactor, as her caretaker, was thus in a position of trust, a position he used to commit the offense. When we consider Dudley's physical condition, which limited her ability to defend herself, Wactor's status as her nurse and his relationship to her in that capacity, the use he made of his status and professional relationship to Dudley to initiate unwanted touching and effectuate the object sexual vaginal penetration, and the fear and psychological paralysis Wactor's aggressive behavior instilled, we conclude that the Commonwealth proved the requisite force to overcome Dudley's will and resistance. See Ming[s], 85 Va. at 640, 8 S.E. at 475 (holding that the defendant must use or show force sufficient to overcome resistance, but that no resistance is required where the evidence shows lack of consent); accord Jones, 219 Va. at 986, 252 S.E.2d at 372; Snyder, 220 Va. at 796, 263 S.E.2d at 57.

Id. at 383-84, 564 S.E.2d at 164 (footnote omitted).

Similarly, in appellant's case, although the victim "was physically able to communicate," his abilities were severely limited by his Parkinson's disease. On the date of the instant offense, the victim was unable to walk without assistance. He could not talk loudly, which limited his ability to call for help. Because of the victim's condition, he relied on a certified nursing assistant (CNA) to help him shower. Sherry Osborne, the CNA who had helped the victim shower for six months prior to that date, testified that she would assist the victim in getting in and out of the tub and "wash his back" and that "he usually did the rest." On the first or second

- 4 -

occasion appellant was assigned to help the victim shower, however, appellant took the victim's penis in his hand and "wash[ed] [him] up and down." Whatever motion appellant used made the victim uncomfortable and was demonstrated for the trier of fact at trial. Appellant then put the victim's penis in appellant's mouth. Appellant's act of grabbing the victim's penis, after the bathing had been completed, and placing it in his mouth, constituted a nonconsensual touching-- a criminal battery--that, in itself, would have an intimidating effect on someone in the victim's vulnerable position.

Appellant claimed the victim's "body language" led him to believe the victim desired this contact, but appellant admitted it was not unusual for a male patient to become sexually aroused while being bathed. Further, no evidence indicated appellant asked the victim for permission to touch the victim's penis with his hand or his mouth, and the victim had no "advanced warning" that appellant planned to do so. The victim testified that he neither requested nor desired such contact and that, after 15 to 20 seconds of the oral contact, he pulled away from appellant, moved to the side of the tub, and was able to exit the tub using the handrails.

The following day, the victim reported the incident to Nurse Osborne, a female CNA whom he trusted. As the victim made the report, he was "[p]hysically shaking," and "tears [were] coming down his eyes." The victim said he "prayed to God all night because he was scared" of appellant, "[a]nd he wanted Osborne to go with him and help him to do something to where [appellant] could not come back in his room."

This evidence, viewed in the light most favorable to the Commonwealth, established that appellant, like Wactor, used his position of trust and the victim's vulnerable condition to commit the charged offense. Thus, here, as in Wactor, "we conclude that the Commonwealth proved the requisite force to overcome [the victim's] will and resistance." Id. at 384, 564 S.E.2d at 164.

- 5 -

For these reasons, we hold the evidence was sufficient to prove the sodomy was forcible rather than consensual, and we affirm.

<u>Affirmed.</u>