COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


ROGER LEE WOODARD
                                            OPINION BY
v.         Record No. 1966-97-4    JUDGE JERE M. H. WILLIS, JR.
                                           MAY 26, 1998
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                    John W. Scott, Jr., Judge

         William G. Dade for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     On appeal from his bench trial conviction of sexual battery

in violation of Code § 18.2-67.4, Roger Lee Woodard contends that

the evidence is insufficient to support that conviction because

(1) the complaining witness gave inconsistent statements; (2) his

alibi evidence required his acquittal; and (3) the Commonwealth

failed to prove that he sexually abused the complaining witness

against her will by intimidation.  Because the Commonwealth

failed to prove that the sexual abuse was accomplished by

intimidation, we reverse the conviction and remand the case to

the trial court.

                               I.
         On appeal, we review the evidence in the
         light most favorable to the Commonwealth,
         granting to it all reasonable inferences
         fairly deducible therefrom.  The judgment of
         a trial court sitting without a jury . . .
         will not be set aside unless it appears from
         the evidence that the judgment is plainly
         wrong or without evidence to support it.

<u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The complaining witness, herein referred to as M.S., testified that she arrived home from work at approximately 3:30 p.m. on January 8, 1997.  Noticing that her front door was ajar, she entered her apartment and went directly into the kitchen.  While in the kitchen, she heard a man's voice from the living room say, "come sit by me," and a sound consistent with a hand patting her sofa.

Alarmed at the presence of an intruder, but not having telephone service, M.S. nevertheless pretended to call 911.  The intruder then departed through the front door.  While she did not see the intruder, M.S. testified that his cologne was the same fragrance that she had smelled on Woodard on a previous occasion.

Because she was afraid, M.S. waited ten to twenty minutes before checking her front door to make sure it was closed.  When she approached the partially open door, Woodard was standing in the doorway.  He asked M.S. to go out with him.  She refused, stating that she was not interested and that she had a boyfriend.  Woodard told her that "he knew all about her and knew that she did not have a boyfriend."  He then squeezed her breasts, grabbed her between her legs, and departed.

On cross-examination, M.S. admitted that she had alleged in her criminal complaint that the offense occurred on January 3, 1997, not on January 8.  She stated that she was nervous and

confused when she filled out the complaint, and had made a mistake. She acknowledged testifying at a preliminary hearing: (1) that Woodard was sitting in her apartment when she arrived home and that she asked him what he was doing there; (2) that she told Woodard that she was calling 911; and (3) that Woodard had "touched" her breasts. She admitted that she had not, on that occasion, testified that Woodard had "squeezed" her breasts, but explained that no one had asked her then whether he had "squeezed" them.

Steve Rollins, Woodard's work supervisor, testified that he signed Woodard's time sheet for January 8, 1997. The time sheet indicated that Woodard worked from 7:00 a.m. until 4:00 p.m. on that day. Rollins conceded that he did not recall actually seeing Woodard that day, and agreed that he could not testify positively that Woodard had not left work early.

Woodard denied touching M.S. He testified that he went to her apartment later that day and that they conversed casually. He stated that he did not feel comfortable being in the apartment with M.S., and told her that he just wanted to be friends. He acknowledged a prior conviction for larceny.

The trial court found that the evidence proved that Woodard had sexually abused M.S., but that the sexual abuse had not been accomplished by force or threat. However, the trial court further found that the evidence proved Woodard's presence under circumstances that intimidated M.S. and that she was thus

intimidated on the occasion of the sexual abuse.  On the basis of that intimidation, the trial court convicted Woodard of sexual battery in violation of Code § 18.2-67.4(A).

## II.

Woodard contends that the evidence was insufficient to support his conviction because:  (1) he testified and produced corroborating evidence that he was at work when the incident allegedly occurred, and (2) M.S. testified at trial inconsistently with her criminal complaint and her prior testimony.

The trial court observed the witnesses and their demeanor as they testified.  Despite minor inconsistencies in her statements, the trial court found M.S. to be credible and Woodard not to be.  See Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993) ("[d]etermining the credibility of witnesses who give conflicting accounts is within the exclusive province" of the trier of fact); Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989) (confirming the duty of the trier of fact to decide whether inconsistent statements render a witness' testimony unworthy of belief).  The trial court was entitled to disbelieve Woodard's self-serving testimony and to conclude that he was lying to conceal his guilt.  Price v. Commonwealth, 18 Va. App. 760, 768, 446 S.E.2d 642, 647 (1994).  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Woodard

sexually abused M.S.

III.

Woodard contends that the Commonwealth failed to prove that he sexually abused the complaining witness against her will by intimidation.  We agree.

> Code § 18.2-67.4(A) provides that:
> An accused shall be guilty of sexual battery if he or she sexually abuses the complaining witness against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness.[1]

The record supports the finding that Woodard sexually abused M.S against her will.[2]  The critical question is whether the means by which he accomplished the sexual abuse satisfied the requirements of the statute.  M.S. suffered from no mental incapacity or physical helplessness.  The trial court found that the sexual abuse was not accomplished by threat or force.[3]  Therefore, our inquiry is whether Woodard sexually abused M.S. by intimidation.

---

[1] In 1997, the General Assembly amended Code § 18.2-67.4 to include sexual battery accomplished by "ruse."  1997 Va. Acts ch. 643.

[2] "Sexual abuse" is defined, in part, as an act committed when "[t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts."  Code § 18.2-67.10(6)(a).  "Intimate parts" is defined to include the "genitalia," "groin" and "breast."  Code § 18.2-67.10(2).

[3] The "force" necessary to sustain a charge of sexual battery is "force" beyond that necessary to accomplish the touching.  Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988).

The Commonwealth argues that Woodard intimidated M.S. by "stalking" her. Cf. Code § 18.2-60.3 (stalking statute). It notes that he waited for her to return home, that he continued to "lurk" outside her apartment, that he expressed knowledge of her activities and relationships, and that she was frightened by his presence in her apartment.

No doubt, Woodard's conduct intimidated M.S. Intimidation "require[s] that a victim be put 'in fear of bodily harm by [the assailant] exercising such domination and control of her as to overcome her mind and overbear her will.'" Clark v. Commonwealth, 12 Va. App. 1163, 1165, 408 S.E.2d 564, 566 (1991) (citation omitted). See also Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985) (intimidation "may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to pressure"). However, Woodard did not accomplish the sexual abuse by that intimidation.

Nothing in the record proves that Woodard overcame M.S.'s mind and overbore her will by employing psychological pressure, threats or fear of bodily harm. He simply grabbed her abruptly. She had time neither to reflect upon his conduct, nor to submit. While the touching was patently non-consensual and outrageously offensive, it was accomplished by surprise, not by intimidation. See Johnson v. Commonwealth, 5 Va. App. 529, 535, 365 S.E.2d 237, 240 (1988).

Accordingly, we reverse the conviction and remand the case for a new trial for assault and battery, if the Commonwealth be so advised.  <u>Id.</u>

<u>Reversed and remanded.</u>