COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued by teleconference


ERIC BLANE LEE
                                    MEMORANDUM OPINION[*] BY
v.     Record No. 2566-97-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                    NOVEMBER 10, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                       Richard S. Miller, Judge

        Joseph A. Sanzone for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Eric Blane Lee (appellant) was convicted in a bench trial of

possession with intent to distribute cocaine in violation of Code

§ 18.2-248 and possession of a firearm while in possession of

cocaine in violation of Code § 18.2-308.4(A). On appeal he

contends the evidence was insufficient to convict him of

possession with intent to distribute cocaine. We find no error

and affirm.

                                I.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493

S.E.2d 677, 678 (1997). The evidence presented at trial

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

established that on January 11, 1997, the Lynchburg Police Department executed a search warrant at 607 Madison Street in Lynchburg. Officer J.T. Lloyd was one of the first officers present at the scene. Upon entering the residence, Lloyd went upstairs and into a bedroom where he found appellant and a woman named Sherry Wright sitting on the bed with a "glass plate" between the two. As Lloyd entered the room, appellant and Wright rolled off the bed onto the floor. The two individuals were then secured by officers.

Appellant was advised by Officer J.L. Hise that the police had a warrant to search the residence for cocaine. As Hise grabbed appellant's left hand to place him in handcuffs, appellant told the officer, "I have an automatic in my back pocket." A small handgun was removed from appellant's rear pocket, and a digital pager was found on his waistband.

Appellant was taken downstairs and detained while the police searched the house. The glass plate, which had been on the bed when officers first entered the bedroom, was on the floor. "It had residue on it . . . and there were several chunks of an off-white substance lying on the floor." Police seized approximately 6.75 grams of cocaine in plain view on the floor and on a dresser. The following items were also found in the bedroom: a box of plastic sandwich bags, digital scales "with white residue" on them, a small dormitory-size refrigerator, and a box of baking soda. In the freezer of the refrigerator, police

found "a chunk of off-white substance . . . in a shot glass submerged in water."

Appellant was advised of his <u>Miranda</u> rights and he gave a statement to the police. He stated that there was some money "in a blue bag in a window in the upstairs bedroom," and upon a search of the bedroom, police found $723.04 in cash where appellant said it would be located. Appellant also admitted that a .22 caliber rifle was in the house on the main level. When questioned about the narcotics, appellant told the officers that when the police entered the bedroom he was getting ready to smoke some of the cocaine. He stated that the drugs on the glass plate were all he had.

Ms. Wright, the woman sitting on the bed with appellant when police entered the room, also made a statement to Officer Hise. She indicated that her home address was 607 Madison Street, the same address as appellant's. She also stated that she was cutting up some cocaine when the police entered the house and that she was planning on selling it.

At trial, Investigator Wayne Duff was qualified as an expert in the field of narcotics distribution in the City of Lynchburg. Duff testified that indicia of distribution include the following: possession of a firearm; use of a pager; presence of plastic sandwich bags, digital scales, and baking soda; and large amounts of hidden cash. Duff also stated that 6.75 grams of cocaine was an amount more consistent with distribution because

"[i]t's very rare to find almost a quarter of an ounce of crack cocaine on a smoker [user]."

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence, which was denied by the trial court. Appellant presented no further evidence and following arguments by both parties the trial court found appellant guilty of both charges.

## II.

On appeal, "[w]e may not disturb the trial court's judgment unless it is `plainly wrong or without evidence to support it.'" Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998) (citation omitted). In addition, "the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marshall v. Commonwealth, 26 Va. App. 627, 633, 496 S.E.2d 120, 123 (1998).

Appellant contends that the evidence was insufficient to establish the required intent to distribute narcotics. He argues that other than the amount of cocaine he was preparing to smoke when the police officers arrived, the remaining cocaine and drug paraphernalia found during the search of his residence belonged to Wright. Accordingly, appellant argues, there was not sufficient evidence to support his conviction. We disagree.

It is well established that "[b]ecause direct proof of intent is often impossible, it must be shown by circumstantial evidence. Circumstantial proof of a defendant's intent includes

the quantity of the drug discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia." White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc) (citing Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)).

In the instant case, many recognized indicia of intent to distribute were tied to appellant. The police seized from appellant's residence approximately 6.75 grams of cocaine, an amount which Investigator Duff testified was inconsistent with an individual's personal use. Plastic sandwich bags and digital scales were also found. Empty plastic sandwich bags and the possession of an electronic scale can provide a sufficient basis to support an inference of distribution of narcotics. See Shears v. Commonwealth, 23 Va. App. 394, 402, 477 S.E.2d 309, 313 (1996); White, 25 Va. App. at 668, 492 S.E.2d at 454.

Additionally, the police found a digital pager and a handgun on appellant, both of which have been routinely classified as tools of the drug trade. See White, 25 Va. App. at 668, 492 S.E.2d at 454 (citing Wilkins v. Commonwealth, 18 Va. App. 293, 296, 443 S.E.2d 440, 442 (1994)); Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998) (citing Dixon v. Commonwealth, 11 Va. App. 554, 557, 399 S.E.2d 831, 833 (1991)).

Evidence of large amounts of cash is some evidence of involvement in drug transactions. See Johnson v. Commonwealth, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991). In this case,

appellant knew of the presence of cash in the house and told the police officers exactly where it was located. In view of appellant's possession of cocaine, the drug paraphernalia, and the large sum of money, we find the record sufficient to support the trial court's finding that appellant possessed cocaine with the intent to distribute.

Nevertheless, appellant contends that Wright's statement to police that she owned and intended to sell the cocaine was sufficient evidence to exonerate appellant of the distribution charge. This argument is without merit. In her statement Wright admits to her own culpability; she does not exonerate appellant nor does she address his involvement in the distribution of cocaine in their home.[1] The trial court, as the trier of fact, was free to reject any or all parts of Wright's statements to the extent they were related to appellant's case. See Woodard v.

_____

[1]Wright did not testify in appellant's trial and her statements came to light through the following testimony:

Q. Investigator Hise, you also arrested Ms. Wright that day?
A. Yes, sir.
Q. What address did she give you?
A. I believe she gave me the same address. Yes, sir. She gave me the same address, 607 Madison Street.
Q. And I believe she made a statement, didn't you say she was cutting up the cocaine when the police arrived?
A. Yes, sir. I believe I testified to that earlier.
Q. And she said that she was planning on selling some of it?
A. Yes, sir.

<u>Commonwealth</u>, 27 Va. App. 405, 408-09, 499 S.E.2d 557, 559 (1998).

Additionally, assuming Ms. Wright's admission of ownership of the drugs was considered by the trial court, it is well settled that possession need not be exclusive.  It can also be joint.  <u>See</u> <u>Hamilton v. Commonwealth</u>, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) ("Possession need not be exclusive and, in fact, may be joint possession with others.").  Finding no error, we affirm.

<u>Affirmed.</u>