COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


MELVIN HALL FITZGERALD, JR.
                                            OPINION BY
v.    Record No. 0348-99-3        JUDGE SAM W. COLEMAN III
                                          MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                     Humes J. Franklin, Jr., Judge

             J. Lloyd Snook, III (Snook & Haughey, P.C.,
             on brief), for appellant.

             Richard B. Smith, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     Melvin H. Fitzgerald was convicted following a jury trial

of object sexual penetration in violation of Code § 18.2-67.2.

The trial court granted Fitzgerald's motion to set aside the

jury's verdict, but over Fitzgerald's objection, the trial judge

found him guilty of assault and battery in violation of Code

§ 18.2-57.  The sole issue on appeal is whether the trial judge,

after granting the defendant's motion to set aside the verdict

based on insufficient evidence, may sua sponte find the

defendant guilty of a lesser charge where the defendant

requested a jury trial.  We find that the trial court erred in

finding Fitzgerald guilty of the lesser-included offense.

Accordingly, we reverse the conviction and remand the case to the trial court.

## BACKGROUND

Fitzgerald was indicted for object sexual penetration and sodomy. He pleaded not guilty and requested a jury trial. At the close of the Commonwealth's case, Fitzgerald moved to strike both counts, but his motion was denied. The trial court did not instruct the jury on lesser-included offenses. The jury found Fitzgerald guilty of object sexual penetration but acquitted him of the sodomy offense.

After trial, Fitzgerald moved to set aside the verdict, arguing that the evidence was insufficient to prove that the sexual contact was accomplished by use of force. The trial judge granted the motion to set aside the verdict, but over Fitzgerald's objection, found him guilty of the lesser-included offense of assault and battery. The trial judge stated that "the Court feels it has no alternative but to reduce this from a felony conviction to assault and battery . . . this Court has -- has an absolute power not simply to dismiss this but to reduce it and the Court would -- it's threshold matter -- reduce this to assault and battery." Fitzgerald objected to the trial judge's finding him guilty of the lesser charge and argued that he was entitled to a jury trial to determine the issues of guilt

and sentence.  The trial court overruled Fitzgerald's objection, found him guilty of assault and battery, and imposed sentence.

### ANALYSIS

The right of an accused to a trial by a jury is a constitutional right guaranteed under both the United States Constitution and the Virginia Constitution.  See U.S. Const. amend. VI; Va. Const. art. I, § 8.  "Thus, the right to plead not guilty and have one's guilt or innocence and punishment determined by the jury is not only recognized in the law but given great deference."  Mason v. Commonwealth, 14 Va. App. 609, 613, 419 S.E.2d 856, 859 (1992).

Here, Fitzgerald invoked his constitutional right to a jury trial and was found guilty of object sexual penetration.  The trial court, however, set aside the verdict, finding that the evidence was insufficient to support the conviction.  The trial court, relying on Woodard v. Commonwealth, 27 Va. App. 405, 499 S.E.2d 557 (1998), and Johnson v. Commonwealth, 5 Va. App. 529, 365 S.E.2d 237 (1988), ruled that it "ha[d] no alternative but to reduce this from a felony conviction to assault and battery."

By failing to order a new trial on the lesser offense, the trial court exceeded its authority.  Neither Woodard nor Johnson authorizes the trial judge presiding over a jury trial to find the defendant guilty of a lesser offense where the trial judge

- 3 -

finds the evidence insufficient to support the jury's conviction of the greater offense.

The Commonwealth, citing Manns v. Commonwealth, 13 Va. App. 677, 414 S.E.2d 613 (1992), asserts that a defendant, who was tried for a felony, may be found guilty of a lesser-included offense without the necessity of a new trial. The Commonwealth's reliance on Manns is misplaced. In Manns, the defendant was convicted in a bench trial of maliciously throwing a missile at a moving vehicle. At the sentencing hearing, defense counsel expressly requested that the court find the defendant guilty of the lesser-included offense of interfering with the property rights of another. On appeal, the defendant argued that the evidence was insufficient to support the lesser-included offense. We affirmed the conviction, finding that the defendant, having specifically requested that the trial court find him guilty of the lesser offense, could not on appeal assume an inconsistent position. See id. at 679-80, 414 S.E.2d at 615.

Here, Fitzgerald did not request that the trial court, in setting aside the conviction for object sexual penetration, find him guilty of a lesser offense. Fitzgerald requested, rather, that he be retried by a jury on the lesser offense, noting that he made a tactical decision at trial not to request that the jury be instructed on the lesser-included offense. Fitzgerald

also noted that retrial is consistent with appellate practice when the evidence is found to be insufficient to sustain a felony conviction on appeal, but sufficient to sustain a conviction on a lesser-included offense.  See Gorham v. Commonwealth, 15 Va. App. 673, 678-79, 426 S.E.2d 493, 496-97 (1993); see also Woodard, 27 Va. App. at 410, 499 S.E.2d at 559-60; Johnson, 5 Va. App. at 534-35, 365 S.E.2d at 240.

We hold that the trial court erred in finding Fitzgerald guilty of the lesser offense of assault and battery, thereby depriving him of his right to have a jury determine guilt and sentence.  Accordingly, we reverse the conviction and remand for such further proceedings as the Commonwealth may be so advised.

Reversed and remanded.