# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **12th** *day of* **February, 2019**.

Johnathan Reeves Robinson, Appellant,

against        Record No. 1679-17-2
Circuit Court No. CR17000069-00

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing En Banc

Before Chief Judge Decker, Judges Humphreys, Petty, Beales,
Huff, Chafin, O'Brien, Russell, AtLee and Malveaux

On January 29, 2019 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on January 15, 2019, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted and the appeal of those issues is reinstated on the docket of this Court. The mandate previously entered herein is stayed pending the decision of the Court *en banc*.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. An electronic version of each brief shall be filed with the Court and served on opposing counsel. In addition, four printed copies of each brief shall be filed.

It is further ordered that the appellee shall file an electronic version and four additional copies of the appendix previously filed in this case.[1]

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

---

[1] The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

UNPUBLISHED

Present:   Judges Beales, O'Brien and Malveaux
Argued at Richmond, Virginia

JOHNATHAN REEVES ROBINSON

v.        Record No. 1679-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
JANUARY 15, 2019

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

Timothy A. Hennigan (The Nguyen Law Firm, PLC, on brief), for
appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Johnathan Reeves Robinson ("appellant") was convicted in a bench trial of sexual battery by

force, in violation of Code § 18.2-67.4(A)(i).  On appeal, he argues the evidence failed to establish

"that the alleged touching was accomplished by the use of force sufficient to overcome the victim's

will."  We agree and reverse appellant's conviction.

BACKGROUND

In April and May of 2017, R.W.[1] and her husband resided with appellant.  R.W. testified

that on May 23, 2017, she and her sister returned to the residence and knocked on the front door,

which was locked.  Appellant answered and told R.W. that she woke him up.  R.W. apologized, and

as she entered the residence, appellant stood in front of her and "grabbed [her] breasts right behind

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We refer to the complaining witness by her initials to maintain her privacy.

[her] nipples and twisted as hard as he could." R.W. stated that she "smacked his hands away" and appellant then "smacked [her] bottom."

R.W.'s sister testified that she observed appellant's action and "couldn't believe it happened." She stated that when appellant grabbed her sister's breasts, R.W. told "him to get off of her," and he did so "about maybe a minute later."

R.W. testified that appellant also touched her without consent on several other occasions during her stay at the residence. Shortly after the May 23 incident, R.W. and her husband moved out, and she filed a criminal complaint against appellant.

The court denied appellant's motion to strike and found sufficient evidence of sexual battery based on the May 23 incident. The court stated that "because of the manner in which [R.W.] said that [appellant] grabbed and held and twisted her breasts, the requirement of force [had been] met," and convicted appellant of sexual battery.

DISCUSSION

When reviewing a challenge to the sufficiency of the evidence, this Court views the evidence in the light most favorable to the Commonwealth, the prevailing party at trial. Riner v. Commonwealth, 268 Va. 296, 330 (2004). We will not set aside the court's judgment unless the decision is plainly wrong or without evidence to support it. Commonwealth v. Anderson, 278 Va. 419, 425 (2009).

Code § 18.2-67.4(A)(i) provides that "[a]n accused is guilty of sexual battery if he sexually abuses . . . the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse." "Sexual abuse" is defined, in part, as when "[t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." Code § 18.2-67.10(6)(a). "Intimate parts" include the breast. Code § 18.2-67.10(2).

It is undisputed that appellant sexually abused R.W. as that term is defined in Code § 18.2-67.10. However, appellant asserts that the Commonwealth failed to prove that the sexual abuse was accomplished by "force" as required by Code § 18.2-67.4(A)(i). The Commonwealth responds that the testimony that appellant "twisted [her breasts] as hard as he could" for "about maybe a minute" was sufficient to establish that element of the offense.

We addressed the degree of force necessary to support a sexual battery conviction in Johnson v. Commonwealth, 5 Va. App. 529 (1988). We stated that "[s]ome force other than merely that force required to accomplish the unlawful touching" is required. Id. at 534. "[U]nless some force is used to *overcome the will* of the complaining witness, the unlawful touching constitutes common law assault and battery." Id. (emphasis added). See Haynes v. Commonwealth, No. 1778-98-3, at *2 (Va. Ct. App. Oct. 5, 1999) (defendant conceded the evidence was sufficient to prove force where he held victim's hands behind her back while touching her vagina).[2]

Evidence that appellant acted without warning or provocation cannot satisfy the "force" element of sexual battery. See Woodard v. Commonwealth, 27 Va. App. 405 (1998). In Woodard, the victim entered her apartment and found the defendant inside, uninvited. Id. at 407. After the victim told Woodard that she did not want to date him, he "squeezed her breasts, grabbed her between her legs, and departed." Id. The court found that although the battery was not accomplished by force or threat, the defendant's presence in the apartment intimidated the victim to the extent necessary to convict him of sexual battery. Id. at 408.

We reversed the conviction because when the defendant "simply grabbed her abruptly," that action did not constitute intimidation, which requires "fear of bodily harm." Id. at 410 (citing Clark v. Commonwealth, 12 Va. App. 1163, 1165 (1991)). Noting that the victim "had time neither to

---

[2] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3 (2012). See also Rule 5A:1(f).

reflect upon [the defendant's] conduct, nor to submit," we held that "[w]hile the touching was patently non-consensual and outrageously offensive, it was accomplished by surprise, not by intimidation." Id.

Although the issue in the case before us is "force" as opposed to "intimidation," a similar analysis applies; sexual battery, under Code § 18.2-67.4(A)(i), whether achieved by force or intimidation, requires the defendant to overcome the victim's will. Here, while the evidence demonstrated that appellant accomplished the battery "by surprise," it was insufficient to prove he committed sexual abuse by force. The restraint employed by appellant was inherent in the act itself; it was not used to overcome her will to accomplish the non-consensual touching.

The Commonwealth asserts that the element of force can be established by the violent nature of the act and the fact that appellant did not release R.W. for "about maybe a minute," citing Clark v. Commonwealth, 30 Va. App. 406 (1999), and Kanczuzewski v. Commonwealth, No. 2153-07-2 (Va. Ct. App. Mar. 10, 2009). Both cases addressed sexual offenses requiring proof that a defendant's act is "accomplished against the will of the complaining witness, by force, threat or intimidation." Clark, 30 Va. App. at 409 (aggravated sexual battery, in violation of Code § 18.2-67.3); Kanczuzewski, No. 2153-07-2, at *3 (object sexual penetration, in violation of Code § 18.2-67.2).

However, the Commonwealth's reliance on those cases is misplaced. In both, we affirmed convictions based on evidence that the defendants' conduct consisted of an act of force separately identifiable from the unlawful touching. In Clark, the defendant's act of lying on top of a victim was more force than required to accomplish the unlawful act of touching her intimate parts. 30 Va. App. at 410. Similarly, in Kanczuzewski, the defendant's act of "grabbing" the victim prior to a sexual assault was "more than the force required to accomplish the unlawful touching." No. 2153-07-2, at *4. We acknowledged that the defendant "proceeded on" groping his victim "for

about one or two minutes" after she told him it hurt and asked him to stop, which "reinforce[d] the trial court's finding that force was used." Id. at *1, *4. Here, however, any durational evidence served only to demonstrate the non-consensual touching occurred. See id. at *4. Therefore, even if we consider the evidence and inferences in the light most favorable to the Commonwealth, the totality of facts cannot establish the force necessary to sustain appellant's conviction for sexual battery.

Accordingly, we reverse the conviction and remand the case for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.

Beales, J., dissenting.

The majority, relying primarily on <u>Johnson v. Commonwealth</u>, 5 Va. App. 529 (1988), and <u>Woodard v. Commonwealth</u>, 27 Va. App. 405 (1998), holds that "the totality of facts cannot establish the force necessary to sustain appellant's conviction for sexual battery." I respectfully disagree.

"Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," <u>Riner v. Commonwealth</u>, 268 Va. 296, 330 (2004), the evidence shows that, as R.W. was entering the house where she and her husband lived with appellant Robinson, appellant stood in front of her at the doorway and "grabbed [her] breasts right behind [her] nipples and twisted as hard as he could."[3] The victim, R.W., stated that she "smacked his hands away" and appellant then "smacked [her] bottom." R.W.'s sister testified that she observed appellant's action and that, when appellant grabbed her sister's breasts, R.W. told "him to get off of her." Her sister testified that appellant did not do so, however, until "about maybe a minute later."

Considering the totality of the circumstances, and giving the trial judge, as the finder of fact, the deference required, the evidence shows that appellant used more force than "merely that force required to accomplish the unlawful touching . . . ." <u>Johnson</u>, 5 Va. App. at 534. In <u>Johnson</u>, the evidence showed that Johnson positioned himself behind the victim, who was lying in a bed, and "touched" the victim's genitalia and buttocks. This Court reversed Johnson's conviction, finding "[s]ome force other than merely that force required to accomplish the unlawful touching" is required. <u>Id.</u> In the case currently before us, however, the evidence shows the action was more than a mere touching – because appellant "grabbed [her] breasts behind [her] nipples and twisted *as hard*

---

[3] Testimony at trial shows that R.W. and her husband lived with appellant and his girlfriend in a house belonging to appellant's girlfriend. The evidence also shows that the incident at issue in this case is not the first time that appellant touched R.W. without her consent.

- 6 -

*as he could*." (Emphasis added.)  The victim then smacked appellant's hands sufficiently to finally get them off of her breasts.

Johnson also states that "[w]here the complaining witness is at least thirteen years old, unless some force is used to overcome the will of the complaining witness, the unlawful touching constitutes common law assault and battery." Johnson, 5 Va. App. at 534.  This requirement for the necessary force is met in the facts of this case.  The victim, by smacking away appellant's hands and telling him to "get off of her" not only demonstrated her lack of consent, which was not in dispute, but also conveyed that he was using such force that she could not immediately break away and that her will was overcome.  The fact that appellant "grabbed [her] breasts right behind [her] nipples and twisted as hard as he could" and then finally let go "about maybe a minute later" is enough for a rational fact finder to conclude that he used force beyond that simply necessary to touch her breasts.  Indeed, the trial court found that, "because of the manner in which she said that he grabbed *and held and twisted* her breasts, the requirement of force is met."  (Emphasis added.)

The majority discusses Woodard and notes that, in that case, the trial court found the defendant's actions did not constitute force or threat, but instead constituted intimidation under Code § 18.2-67.4(A).  Thus, on appeal, this Court's inquiry in Woodard, where this Court reversed the conviction, was limited to "whether Woodard sexually abused [the victim] by intimidation." Woodard, 27 Va. App. at 409.  In contrast to the situation in Woodard, the trial court in this case found appellant guilty because he used the necessary force – as opposed to intimidation – to accomplish the sexual abuse.  Therefore, this Court's decision in Woodard does not control the outcome of this case.

Considering the totality of the circumstances, I would hold that a rational fact finder could conclude that appellant used more force than that necessary merely to accomplish the touching because not only did he touch or grab the victim's breasts but he also "twisted as hard as he could" –

and held on to her in that manner for about a minute, according to the victim's sister, who was standing stunned next to her. In short, given the totality of the circumstances, I simply cannot say that no rational fact finder would have found the appellant guilty of sexual battery beyond a reasonable doubt.

Consequently, I would affirm the circuit court. For these reasons, I respectfully dissent.