COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys, Petty, Beales, Alston,[*] Huff, Chafin, O'Brien,
Russell, and Malveaux
Argued at Richmond, Virginia

JOHNATHAN REEVES ROBINSON

v.     Record No. 1679-17-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
JUNE 18, 2019

UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

Timothy A. Hennigan (The Nguyen Law Firm, PLC, on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief) for appellee.

This appeal raises the question of what constitutes force in the crime of sexual battery.

At the conclusion of a bench trial, appellant Johnathan Reeves Robinson was convicted

of sexual battery in violation of Code § 18.2-67.4 by the Circuit Court of Amelia County. On

appeal, Robinson challenged the sufficiency of the evidence, and a divided panel of this Court

reversed the conviction. Robinson v. Commonwealth, Record No. 1679-17-2 (Va. Ct. App. Jan.

15, 2019). The Commonwealth petitioned this Court for a rehearing *en banc*. We granted the

Commonwealth's petition for rehearing *en banc*, stayed the mandate of the panel decision, and

reinstated the appeal on the docket of this Court. Upon a rehearing *en banc*, we find that the trial

court did not err and affirm appellant's conviction.

---

[*] Judge Alston participated in the hearing and decision of this case prior to the effective
date of his retirement on June 14, 2019.

PUBLISHED

## I. BACKGROUND

We "view[] the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court." Riner v. Commonwealth, 268 Va. 296, 330 (2004). So viewed, the victim, R.W.,[1] testified that in April and May of 2017, she and her husband were residing with Robinson and his girlfriend in a house belonging to Robinson's girlfriend. R.W. testified that, in the afternoon of May 23, 2017, she returned to the house with her sister after an outing. Because the door was latched, she knocked on the door to enter the house. Robinson opened the door and told her, "[Y]ou just woke me up." She stated that she apologized and stepped into the house. She testified, "[H]e grabbed my breasts right behind my nipples and twisted as hard as he could." She stated, "I smacked his hands away" and that then "[h]e smacked my bottom."

R.W.'s sister testified that she was standing next to R.W. during the incident and that she saw Robinson "put his hands on my sister's breasts and twist[]." She further testified that R.W. then told "him to get off of her" and that he finally removed his hands from her breasts "[a]bout maybe a minute later."

R.W. testified that there were other occasions, including at least one prior to the incident on May 23, 2017, in which Robinson had touched her in a sexual way and that she had expressed to him on multiple occasions that she did not want him to touch her. She also testified that Robinson had told her that "if [she] said something" about his actions, she and her husband would have to move out of the house. She added that, at the time, she and her husband had nowhere else to go. During her testimony, R.W. also stated that Robinson "cupped the front of me and told me he can have it if he wanted it," although it is somewhat unclear from her testimony when that action occurred.

---

[1] We refer to the complaining witness by her initials in an attempt to maintain her privacy.

The trial judge denied Robinson's motion to strike and found Robinson guilty of sexual battery based on the May 23, 2017 incident. Specifically, the trial judge found that "because of the manner in which [R.W.] said that [Robinson] grabbed and held and twisted her breasts, the requirement of force is met." The judge concluded that "the evidence indicates that the requisite degree of force was applied."

On appeal, Robinson's sole assignment of error states, "The trial court erred in finding evidence sufficient to convict based on use of force when there was no evidence that the alleged touching was accomplished by the use of force sufficient to overcome the victim's will."

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Resolution of Robinson's assignment of error also requires statutory interpretation, which we conduct *de novo*. Commonwealth v. Amos, 287 Va. 301, 305-06 (2014); Hodges v. Commonwealth, 45 Va. App. 118, 123 (2005) (*en banc*).

- 3 -

Code § 18.2-67.4(A)(i) states, "An accused is guilty of sexual battery if he sexually abuses, as defined in § 18.2-67.10, . . . the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse."  The definition for "sexual abuse" includes "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts."  Code § 18.2-67.10(6)(a).  "Intimate parts" is defined as the "genitalia, anus, groin, breast, or buttocks of any person."  Code § 18.2-67.10(2).

The only issue here is whether the force requirement has been met, since Robinson concedes the trial court's factual finding of the sexual abuse and that the touching was performed against the will of the complaining witness.  When reviewing convictions of sexual battery done "by force," we consider the totality of the circumstances.  Jones v. Commonwealth, 219 Va. 983, 986 (1979); Bondi v. Commonwealth, 70 Va. App. 79, 88-89 (2019); Wactor v. Commonwealth, 38 Va. App. 375, 382-83 (2002).

The trial court made a finding of fact that the sexual battery occurred by force, stating that "because of the manner in which [R.W.] said that [Robinson] grabbed and held and twisted her breasts, the requirement of force is met" and stating that "the evidence indicates that the requisite degree of force was applied."  Considering the totality of the circumstances, and giving the trial judge, as the finder of fact, the deference required on appeal, the evidence shows that Robinson touched R.W.'s breasts by using force as required by the statute.  Robinson "grabbed [R.W.'s] breasts right behind [her] nipples and twisted *as hard as he could*."  (Emphasis added.) He also held on to R.W.'s breasts in that manner for "[a]bout maybe a minute" until R.W. smacked his hands sufficiently to finally get him to release her breasts.

- 4 -

Robinson relies upon this Court's decisions in <u>Woodard v. Commonwealth</u>, 27 Va. App. 405 (1998), and <u>Johnson v. Commonwealth</u>, 5 Va. App. 529 (1988), in arguing that his conviction should be reversed.

In <u>Woodard</u>, the victim found Woodard standing in the doorway of her home. <u>Woodard</u>, 27 Va. App. at 407. Woodard asked the victim to go out with him, and after she refused, he "squeezed her breasts, grabbed her between her legs, and departed." <u>Id.</u> The trial court found that the sexual abuse had been accomplished by intimidation – not by force or threat. <u>Id.</u> at 408. The trial court then convicted Woodard of sexual battery in violation of Code § 18.2-67.4. On appeal, this Court's analysis was confined to whether the sexual abuse had occurred by intimidation because this Court was bound by the trial court's explicit factual finding that Woodard had not used force to commit the sexual battery. The Court reversed the conviction, finding that the touching "was accomplished by surprise, not by intimidation." <u>Id.</u> at 410. In contrast to the situation in <u>Woodard</u>, the trial court in the case now before us found Robinson guilty because he used *force* to accomplish the sexual abuse. Therefore, this Court's decision in <u>Woodard</u> is not persuasive regarding the outcome of this case.

In <u>Johnson</u>, the evidence showed that Johnson positioned himself on a bed behind the victim, a fourteen-year-old boy, who was already lying in the bed. Johnson then put his arm around the victim to hold him very close to him and touched and fondled the victim's genitalia and buttocks.[2] <u>Johnson</u>, 5 Va. App. at 531. When the victim attempted to get up, Johnson "pushed [him] back down." <u>Id.</u> The victim then got up again, this time evading Johnson's

---

[2] The record in <u>Johnson</u> shows that the victim testified that Johnson "stuck his hand down" inside the victim's pants when Johnson touched him. The victim also testified that during the three- to five-minute period that Johnson was holding him, Johnson thrust his hips against the victim's body "close to ten" times.

attempt to grab him, went to the bathroom, and quickly left the house. Id. In that case, as in the one currently before us, the issue was whether the touching occurred "by force."[3]

While the facts in Johnson are distinguishable from the facts in this case (as noted in the panel dissent in Robinson), the Court now sits *en banc* and, unlike the panel majority or dissent, is able to reconsider the holding in Johnson. Code § 17.1-402. "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." Jones v. Commonwealth, 296 Va. 412, 415 (2018) (quoting Alston v. Commonwealth, 274 Va. 759, 769 (2007)). It is clear to us, in considering the plain language of the statute (and the facts of Johnson, as noted in the Court's opinion), that Johnson was wrongly decided. Now sitting *en banc*, we overrule it. The elements of the statute were clearly met in that case. First, Johnson had touched the genitalia and buttocks of the victim to sexually arouse or gratify himself, satisfying the requirement in Code § 18.2-67.3 for sexual abuse, as defined in Code § 18.2-67.10. Second, the facts make clear that the touching was accomplished against the will of the complaining witness as the victim twice got up to try to get away from Johnson. Finally, the element of force was met. The evidence showed that Johnson positioned himself on the bed behind the victim, and the victim testified that "[Johnson] woke me up and was *holding* me real close to him" as Johnson fondled the boy's genitals. Johnson, 5 Va. App. at 531 (emphasis added).

---

[3] Johnson was convicted of aggravated sexual battery (as opposed to sexual battery) under Code § 18.2-67.3 because of the victim's young age. (Code § 18.2-67.3 has since been amended, but not in a way that affects our analysis.) In addition, the relevant part of the statute dealing with force under which Johnson was convicted is essentially the same as the relevant part of the statute dealing with force under which Robinson was convicted. Both statutes provide that the sexual abuse be performed "against the will of the complaining witness, by force . . . ." Therefore, the "force" requirement in Johnson is the same as the "force" requirement contained in Code § 18.2-67.4 and at issue in this appeal.

Considering the totality of the circumstances, including Johnson's lying down by the victim on the bed and pulling the victim "real close to him" at the time of the touching of the victim's genitals, we conclude that the sexual abuse performed against the will of the complaining witness was accomplished by force. While we are rightly hesitant to overturn previous decisions of this Court, there are occasions where a wrongly decided case providing erroneous precedent must be overturned. The opinion of this Court in Johnson misinterpreted the plain language of the statute, failed to apply the appropriate appellate standard of review giving due deference to the fact finder, and incorrectly found on appeal a lack of force despite the very facts showing force cited in the Court's opinion.

Similarly, considering the facts of the case now before us in light of the statutory element of force in Code § 18.2-67.4, and given the totality of the circumstances here – including Robinson's twisting of the breasts "as hard as he could" and the duration of it – we certainly cannot conclude that no rational fact finder could have found Robinson guilty of sexual battery.

III. CONCLUSION

We hold that a rational fact finder could conclude that Robinson accomplished the touching "by force" because not only did he touch or grab the victim's breasts but he also "twisted as hard as he could" – and held on to her in that manner for about a minute, according to the victim's sister, who was standing stunned next to her. Furthermore, it is undisputed on appeal that this battery occurred against the will of the victim – and that the touching satisfied the statutory requirement of sexual abuse, as defined in Code § 18.2-67.10. In short, considering the totality of the circumstances, we simply cannot say that no rational fact finder could have found Robinson guilty of sexual battery beyond a reasonable doubt. For all of these reasons, we affirm Robinson's conviction for sexual battery in violation of Code § 18.2-67.4.

Affirmed.

O'Brien, J. with whom Humphreys and Malveaux, JJ., join, dissenting.

I agree with the majority that the sole issue in this appeal is whether the evidence established that the act was committed "by force" as required by Code § 18.2-67.4(A)(i). There is no question that appellant "intentionally touch[ed]" clothing covering the complaining witness' "intimate parts," her breasts, "with the intent to sexually molest, arouse, or gratify." Code § 18.2-67.10(2); 18.2-67.10(6)(a). These actions constitute "sexual abuse." Id. There is also no question that appellant committed sexual abuse "against the will of the complaining witness." Code § 18.2-67.4(A)(i). However, for non-consensual touching to be elevated from assault and battery to sexual battery, the sexual abuse must be accomplished "by force, threat, intimidation, or ruse." Id. Because I cannot find that appellant's actions, although reprehensible and offensive, demonstrated that he accomplished the sexual abuse by force, I respectfully dissent.

This Court initially addressed the degree of force necessary to support a sexual battery conviction in Johnson v. Commonwealth, 5 Va. App. 529 (1988). We stated that "[s]ome force other than merely that force required to accomplish the unlawful touching" is required. Id. at 534. "[U]nless some force is used to *overcome the will* of the complaining witness, the unlawful touching constitutes common law assault and battery." Id. (emphasis added). In reversing Johnson, the majority does not repudiate the requirement that the sexual abuse must be accomplished by force or that a defendant must employ some force beyond that required to accomplish the unlawful touching. Rather, it finds that evidence of the teenage victim waking to find the defendant "holding [the victim] real close to him" as the defendant fondled the victim's genitals was sufficient to establish the necessary force. Id. at 531.[4]

---

[4] Overruling Johnson to find the facts sufficient to establish that the crime was committed "by force" reduces the word "force" as used in the statute to redundant surplusage. Taken to its logical extension, therefore, any non-consensual touching of an intimate body part would *automatically* constitute sufficient force to overcome a victim's will. If the General Assembly intended that every act of sexual abuse would establish a sexual battery, it would not have

Here, however, the restraint employed by appellant was inherent in the act itself; it was not used to overcome the will of the complaining witness to accomplish the non-consensual touching. The majority finds that testimony from the complaining witness' sister that appellant "twisted [the complaining witness' breasts] as hard as he could" for "about maybe a minute" was sufficient to prove that he used force to accomplish the sexual abuse.[5] However, there was no evidence that appellant overcame her will besides the unlawful act of grabbing and twisting her breasts. For example, appellant did not hold the complaining witness so that he could accomplish the touching, as in Johnson. The duration and intensity of appellant's sexual abuse under Code § 18.2-67.10(6)(a) is not evidence that he first used force to overcome her will to accomplish the act as required by Code § 18.2-67.4(A)(i). Clearly, appellant's actions were aggressive and non-consensual; the complaining witness testified that she "smacked" his hands away. However, the inherent violence of the act does not, of itself, establish that it was committed "by force."

Evidence that appellant acted without warning or provocation cannot satisfy the "force" element of sexual battery. See Woodard v. Commonwealth, 27 Va. App. 405, 410 (1998). In Woodard, the victim entered her apartment and found the defendant inside, uninvited. Id. at 407. After the victim told Woodard that she did not want to date him, he "squeezed her breasts, grabbed her between her legs, and departed." Id. On these facts, the trial court found that the sexual abuse

_____

required the additional element of "by force, threat, intimidation, or ruse." Code § 18.2-67.4(A)(i). We decided Johnson thirty-one years ago. Had the General Assembly disagreed with our interpretation of its legislative intent regarding Code § 18.2-67.4(A)(i), it certainly had the opportunity to correct us. See Barson v. Commonwealth, 284 Va. 67, 74 (2012) (stating that the General Assembly is presumed to be aware of appellate decisions and "[i]ts acquiescence is deemed to be approval").

[5] We note that the complaining witness did not testify concerning the length of the incident, saying only that she "smacked [appellant's] hands away" and he then "smacked her bottom." Likewise, the testimony about appellant's prior non-consensual touching and statements he made to the complaining witness are irrelevant to the issue of whether he accomplished the May 23 sexual abuse by force.

was not accomplished by force or threat. Id. at 408. However, it did find that the defendant's presence in the apartment intimidated the victim to the extent necessary to establish sexual battery. Id.

In Woodard, we reversed the conviction because when the defendant "simply grabbed her abruptly," that action did not constitute intimidation. Id. at 410. Intimidation requires that a victim be put in "fear of bodily harm by [the assailant] exercising such domination and control of her as to overcome her mind and overbear her will." Id. (quoting Clark v. Commonwealth, 12 Va. App. 1163, 1165 (1991)). Noting that the victim "had time neither to reflect upon [the defendant's] conduct, nor to submit," we held that "[w]hile the touching was patently non-consensual and outrageously offensive, it was accomplished by surprise, not by intimidation." Id.

Although the issue in the case before us is "force" as opposed to "intimidation," a similar analysis applies. Sexual battery under Code § 18.2-67.4(A)(i), whether achieved by force or intimidation, requires the defendant to overcome the victim's will through conduct that is more than mere surprise. See Woodard, 27 Va. App. at 410. Here, although the evidence demonstrated that appellant accomplished the battery "by surprise," it was insufficient to prove he committed sexual abuse by force. See Wilson v. Commonwealth, No. 2636-96-2, at *1 (Va. Ct. App. Nov. 4, 1997) (finding insufficient evidence of force where the defendant came up behind the victim and grabbed her buttocks "with such force that she had to step forward to maintain her balance" because the act was accomplished by surprise).[6]

For these reasons, the evidence and inferences even considered in the light most favorable to the Commonwealth are insufficient to prove that appellant accomplished the sexual abuse by force.

---

[6] Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f). See Otey v. Commonwealth, 61 Va. App. 346, 350 n.3 (2012).

- 10 -

Therefore, I must respectfully dissent and would remand the case for a trial on assault and battery, if the Commonwealth is so advised.

# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*   **12th**   *day of*   **February, 2019**.

Johnathan Reeves Robinson,                                                                                          Appellant,

 against             Record No. 1679-17-2
                    Circuit Court No. CR17000069-00

Commonwealth of Virginia,                                                                                          Appellee.

Upon a Petition for Rehearing En Banc

Before Chief Judge Decker, Judges Humphreys, Petty, Beales,
Huff, Chafin, O'Brien, Russell, AtLee and Malveaux

On January 29, 2019 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on January 15, 2019, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted and the appeal of those issues is reinstated on the docket of this Court. The mandate previously entered herein is stayed pending the decision of the Court *en banc*.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. An electronic version of each brief shall be filed with the Court and served on opposing counsel. In addition, four printed copies of each brief shall be filed.

It is further ordered that the appellee shall file an electronic version and four additional copies of the appendix previously filed in this case.[1]

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

---

[1] The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:   Judges Beales, O'Brien and Malveaux
Argued at Richmond, Virginia

JOHNATHAN REEVES ROBINSON

v.        Record No. 1679-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
JANUARY 15, 2019

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

Timothy A. Hennigan (The Nguyen Law Firm, PLC, on brief), for
appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Johnathan Reeves Robinson ("appellant") was convicted in a bench trial of sexual battery by

force, in violation of Code § 18.2-67.4(A)(i).  On appeal, he argues the evidence failed to establish

"that the alleged touching was accomplished by the use of force sufficient to overcome the victim's

will."  We agree and reverse appellant's conviction.

BACKGROUND

In April and May of 2017, R.W.[1] and her husband resided with appellant.  R.W. testified

that on May 23, 2017, she and her sister returned to the residence and knocked on the front door,

which was locked.  Appellant answered and told R.W. that she woke him up.  R.W. apologized, and

as she entered the residence, appellant stood in front of her and "grabbed [her] breasts right behind

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We refer to the complaining witness by her initials to maintain her privacy.

[her] nipples and twisted as hard as he could." R.W. stated that she "smacked his hands away" and appellant then "smacked [her] bottom."

R.W.'s sister testified that she observed appellant's action and "couldn't believe it happened." She stated that when appellant grabbed her sister's breasts, R.W. told "him to get off of her," and he did so "about maybe a minute later."

R.W. testified that appellant also touched her without consent on several other occasions during her stay at the residence. Shortly after the May 23 incident, R.W. and her husband moved out, and she filed a criminal complaint against appellant.

The court denied appellant's motion to strike and found sufficient evidence of sexual battery based on the May 23 incident. The court stated that "because of the manner in which [R.W.] said that [appellant] grabbed and held and twisted her breasts, the requirement of force [had been] met," and convicted appellant of sexual battery.

## DISCUSSION

When reviewing a challenge to the sufficiency of the evidence, this Court views the evidence in the light most favorable to the Commonwealth, the prevailing party at trial. Riner v. Commonwealth, 268 Va. 296, 330 (2004). We will not set aside the court's judgment unless the decision is plainly wrong or without evidence to support it. Commonwealth v. Anderson, 278 Va. 419, 425 (2009).

Code § 18.2-67.4(A)(i) provides that "[a]n accused is guilty of sexual battery if he sexually abuses . . . the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse." "Sexual abuse" is defined, in part, as when "[t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." Code § 18.2-67.10(6)(a). "Intimate parts" include the breast. Code § 18.2-67.10(2).

It is undisputed that appellant sexually abused R.W. as that term is defined in Code
§ 18.2-67.10. However, appellant asserts that the Commonwealth failed to prove that the sexual
abuse was accomplished by "force" as required by Code § 18.2-67.4(A)(i). The Commonwealth
responds that the testimony that appellant "twisted [her breasts] as hard as he could" for "about
maybe a minute" was sufficient to establish that element of the offense.

We addressed the degree of force necessary to support a sexual battery conviction in
Johnson v. Commonwealth, 5 Va. App. 529 (1988). We stated that "[s]ome force other than merely
that force required to accomplish the unlawful touching" is required. Id. at 534. "[U]nless some
force is used to *overcome the will* of the complaining witness, the unlawful touching constitutes
common law assault and battery." Id. (emphasis added). See Haynes v. Commonwealth,
No. 1778-98-3, at *2 (Va. Ct. App. Oct. 5, 1999) (defendant conceded the evidence was sufficient
to prove force where he held victim's hands behind her back while touching her vagina).[2]

Evidence that appellant acted without warning or provocation cannot satisfy the "force"
element of sexual battery. See Woodard v. Commonwealth, 27 Va. App. 405 (1998). In Woodard,
the victim entered her apartment and found the defendant inside, uninvited. Id. at 407. After the
victim told Woodard that she did not want to date him, he "squeezed her breasts, grabbed her
between her legs, and departed." Id. The court found that although the battery was not
accomplished by force or threat, the defendant's presence in the apartment intimidated the victim to
the extent necessary to convict him of sexual battery. Id. at 408.

We reversed the conviction because when the defendant "simply grabbed her abruptly," that
action did not constitute intimidation, which requires "fear of bodily harm." Id. at 410 (citing Clark
v. Commonwealth, 12 Va. App. 1163, 1165 (1991)). Noting that the victim "had time neither to

---

[2] "Although not binding precedent, unpublished opinions can be cited and considered for
their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3 (2012). See also Rule
5A:1(f).

reflect upon [the defendant's] conduct, nor to submit," we held that "[w]hile the touching was patently non-consensual and outrageously offensive, it was accomplished by surprise, not by intimidation." Id.

Although the issue in the case before us is "force" as opposed to "intimidation," a similar analysis applies; sexual battery, under Code § 18.2-67.4(A)(i), whether achieved by force or intimidation, requires the defendant to overcome the victim's will. Here, while the evidence demonstrated that appellant accomplished the battery "by surprise," it was insufficient to prove he committed sexual abuse by force. The restraint employed by appellant was inherent in the act itself; it was not used to overcome her will to accomplish the non-consensual touching.

The Commonwealth asserts that the element of force can be established by the violent nature of the act and the fact that appellant did not release R.W. for "about maybe a minute," citing Clark v. Commonwealth, 30 Va. App. 406 (1999), and Kanczuzewski v. Commonwealth, No. 2153-07-2 (Va. Ct. App. Mar. 10, 2009). Both cases addressed sexual offenses requiring proof that a defendant's act is "accomplished against the will of the complaining witness, by force, threat or intimidation." Clark, 30 Va. App. at 409 (aggravated sexual battery, in violation of Code § 18.2-67.3); Kanczuzewski, No. 2153-07-2, at *3 (object sexual penetration, in violation of Code § 18.2-67.2).

However, the Commonwealth's reliance on those cases is misplaced. In both, we affirmed convictions based on evidence that the defendants' conduct consisted of an act of force separately identifiable from the unlawful touching. In Clark, the defendant's act of lying on top of a victim was more force than required to accomplish the unlawful act of touching her intimate parts. 30 Va. App. at 410. Similarly, in Kanczuzewski, the defendant's act of "grabbing" the victim prior to a sexual assault was "more than the force required to accomplish the unlawful touching." No. 2153-07-2, at *4. We acknowledged that the defendant "proceeded on" groping his victim "for

- 4 -

about one or two minutes" after she told him it hurt and asked him to stop, which "reinforce[d] the trial court's finding that force was used." Id. at *1, *4. Here, however, any durational evidence served only to demonstrate the non-consensual touching occurred. See id. at *4. Therefore, even if we consider the evidence and inferences in the light most favorable to the Commonwealth, the totality of facts cannot establish the force necessary to sustain appellant's conviction for sexual battery.

Accordingly, we reverse the conviction and remand the case for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.

Beales, J., dissenting.

The majority, relying primarily on Johnson v. Commonwealth, 5 Va. App. 529 (1988), and Woodard v. Commonwealth, 27 Va. App. 405 (1998), holds that "the totality of facts cannot establish the force necessary to sustain appellant's conviction for sexual battery." I respectfully disagree.

"Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330 (2004), the evidence shows that, as R.W. was entering the house where she and her husband lived with appellant Robinson, appellant stood in front of her at the doorway and "grabbed [her] breasts right behind [her] nipples and twisted as hard as he could."[3] The victim, R.W., stated that she "smacked his hands away" and appellant then "smacked [her] bottom." R.W.'s sister testified that she observed appellant's action and that, when appellant grabbed her sister's breasts, R.W. told "him to get off of her." Her sister testified that appellant did not do so, however, until "about maybe a minute later."

Considering the totality of the circumstances, and giving the trial judge, as the finder of fact, the deference required, the evidence shows that appellant used more force than "merely that force required to accomplish the unlawful touching . . . ." Johnson, 5 Va. App. at 534. In Johnson, the evidence showed that Johnson positioned himself behind the victim, who was lying in a bed, and "touched" the victim's genitalia and buttocks. This Court reversed Johnson's conviction, finding "[s]ome force other than merely that force required to accomplish the unlawful touching" is required. Id. In the case currently before us, however, the evidence shows the action was more than a mere touching – because appellant "grabbed [her] breasts behind [her] nipples and twisted *as hard*

---

[3] Testimony at trial shows that R.W. and her husband lived with appellant and his girlfriend in a house belonging to appellant's girlfriend. The evidence also shows that the incident at issue in this case is not the first time that appellant touched R.W. without her consent.

*as he could*." (Emphasis added.)  The victim then smacked appellant's hands sufficiently to finally get them off of her breasts.

Johnson also states that "[w]here the complaining witness is at least thirteen years old, unless some force is used to overcome the will of the complaining witness, the unlawful touching constitutes common law assault and battery."  Johnson, 5 Va. App. at 534.  This requirement for the necessary force is met in the facts of this case.  The victim, by smacking away appellant's hands and telling him to "get off of her" not only demonstrated her lack of consent, which was not in dispute, but also conveyed that he was using such force that she could not immediately break away and that her will was overcome.  The fact that appellant "grabbed [her] breasts right behind [her] nipples and twisted as hard as he could" and then finally let go "about maybe a minute later" is enough for a rational fact finder to conclude that he used force beyond that simply necessary to touch her breasts.  Indeed, the trial court found that, "because of the manner in which she said that he grabbed *and held and twisted* her breasts, the requirement of force is met."  (Emphasis added.)

The majority discusses Woodard and notes that, in that case, the trial court found the defendant's actions did not constitute force or threat, but instead constituted intimidation under Code § 18.2-67.4(A).  Thus, on appeal, this Court's inquiry in Woodard, where this Court reversed the conviction, was limited to "whether Woodard sexually abused [the victim] by intimidation."  Woodard, 27 Va. App. at 409.  In contrast to the situation in Woodard, the trial court in this case found appellant guilty because he used the necessary force – as opposed to intimidation – to accomplish the sexual abuse.  Therefore, this Court's decision in Woodard does not control the outcome of this case.

Considering the totality of the circumstances, I would hold that a rational fact finder could conclude that appellant used more force than that necessary merely to accomplish the touching because not only did he touch or grab the victim's breasts but he also "twisted as hard as he could" –

- 7 -

and held on to her in that manner for about a minute, according to the victim's sister, who was standing stunned next to her.  In short, given the totality of the circumstances, I simply cannot say that no rational fact finder would have found the appellant guilty of sexual battery beyond a reasonable doubt.

Consequently, I would affirm the circuit court.  For these reasons, I respectfully dissent.